# EDWARD P. STOKER

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon June 13, 1885.*

LARCENY—*failure of constable to pay over money collected on execution.* A constable who collects money on an execution, and fails to pay the same to the party entitled thereto, is not liable to indictment and conviction for larceny under section 74 of the Criminal Code, but he may be fined under section 79.

WRIT OF ERROR to the Circuit Court of Jackson county; the Hon. O. A. HARKER, Judge, presiding.

Messrs. ALLEN & HARBEN, for the plaintiff in error:

The indictment was under section 74 of the Criminal Code, which presupposes that the goods must have been "delivered" to the party charged, as contradistinguished from a "levy" or a "taking" under legal process,—that is, they must have been given over in trust.

The case here falls within the provisions of section 79 of the Criminal Code. It defines the offence and fixes the punishment, thereby excluding all other punishments for this offence. *Gaddis* v. *Richland County*, 92 Ill. 119; *Eldridge* v. *Pierce*, 90 id. 474.

The money in the hands of the officer is not the property of the plaintiff in execution until paid over to him. *Zschocke* v. *People*, 62 Ill. 127; *Lightner* v. *Steinagel*, 33 id. 513.

Mr. GEORGE HUNT, Attorney General, for the People:

It is contended that the indictment should have been found under section 79 of the Criminal Code, and not under section 74. It is true section 79 provides for the punishment of certain offences by constables and other officers, but not for embezzlement. The offence provided for in section 79 is a

failure or refusal "to pay over money collected by him, less his proper charges, on demand by the person entitled to receive the same." This offence is only a misdemeanor. The proof may clearly establish it, and yet by no means show the crime of embezzlement.

An indictment for embezzlement will not lie for the offence named in section 79, against a constable, and yet a constable, as such, may be guilty of embezzlement. Therefore the provisions of this section do not preclude the right to punish such officer in any other manner than as therein provided, and the indictment could not properly have been found under section 79.

The indictment sets forth the fiduciary character of the accused, to-wit, that he was a constable; that as such he did embezzle and convert to his own use the money, goods and chattels of another, and so committed larceny, bringing the case within the rule laid down in *Kibs* v. *People,* 81 Ill. 599.

The statute (section 74) not only presupposes the goods must have been delivered to the party charged, but says, in terms, "fraudulently converts to his own use the money, etc., delivered to him." The statute does not say, "delivered to him by the owner thereof," or "by the person entitled to the possession thereof." The offence is the fraudulent conversion to his own use of money delivered to him in a fiduciary capacity.

The payment to the officer discharged the debt to Aultman, Miller & Co., and they were then entitled to the money, —the identical money received by him for them. Any other rule would render it impossible for an officer to be convicted of larceny for an embezzlement of the money.

But the conviction may be sustained under section 80 of the Criminal Code. There can be no dispute here that a constable comes within the list of officers enumerated in that section, and that the money in question was "in possession of such officer by virtue of his office."

21—114 ILL.

Where the indorsement was indictment for robbery, but in the allegations it was a good indictment for larceny, the defendants were properly required to plead. *Collins* v. *People*, 39 Ill. 233.

Messrs. McELVAIN & MARTIN, also for the People:

It will be observed that the language used in section 74 of the Criminal Code is comprehensive in its scope, and includes all who may embezzle.

The offences punishable under section 79 are not those prompted by a felonious intent, and under it a party could be justly prosecuted for a refusal to pay over moneys collected by him, whether he converted them to his own use, or embezzled them, or not.

It is not necessary that Aultman, Miller & Co. should have an absolute title or right to the specific money collected by Stoker, in order to sustain the verdict in this case. A general or qualified property in the goods stolen or embezzled, and the right to possession, are sufficient. Moore on Crim. Law, sec. 501, and authorities cited; Wharton on Crim. Law, sec. 932; *Barnes* v. *People*, 18 Ill. 52.

The general property in the money collected by Stoker was in Aultman, Miller & Co., the judgment creditor. When goods are levied upon, for the purpose of sale, by a constable, he has a special property in them, the judgment debtor retaining a general property in them until their lawful sale on execution, when the judgment creditor acquires a general property in the proceeds of the sale, whether he receives such proceeds or not. *Zschocke* v. *People*, 62 Ill. 127; 2 Archbold's Crim. Pr. and Pl. 358.

It matters not whether Aultman, Miller & Co. ever had this money in possession or not. Property may be embezzled before it reaches its owner. Wharton on Crim. Law, secs. 1010, 1049.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an indictment against Edward P. Stoker, in the circuit court of Jackson county, for larceny, under section 74, chapter 38, of the Revised·Statutes of 1874, which declares: "Whoever embezzles, or fraudulently converts to his own use, or secretes with intent to embezzle or fraudulently to convert to his own use, money, goods or property delivered to him which may be the subject of larceny, or any part thereof, shall be deemed guilty of larceny." On a trial before a jury the defendant was found guilty, and his term of imprisonment was fixed at one year in the penitentiary.

The facts relied upon to sustain the conviction may be stated in a few words. In 1882 the defendant, Stoker, was a constable in Jackson county. Aultman, Miller & Co. obtained judgments against William Spence, Jr., upon which executions were issued, and placed in the hands of the defendant, as constable, for collection. In the month of September of that year the defendant collected on the executions $211.50, for which he gave his receipt as constable. The money collected the defendant failed to pay over.

Several questions have been discussed in the argument, but the principal point in the case is, whether, under the facts, the defendant was liable to be indicted and convicted under section 74 of the Criminal Code, heretofore set out. It will be observed that a constable is not mentioned in this section of the statute. It will also be found, upon an examination of section 79 of the same chapter of the statute, that said section in express terms includes constables. It is as follows: "If any attorney at law, justice of the peace, constable, * * * or other person authorized by law to collect money, shall fail or refuse to pay over any money collected by him, less his proper charges, on demand by the person entitled to receive the same, or his agent duly authorized, he shall be fined," etc. There can be no doubt in regard to the

fact that the defendant was liable to be prosecuted and convicted under this section of the statute. He was a constable, and in his official capacity as such he collected money, and failed to pay it over. His case falls directly within the terms of this section of the statute. It is true that the word "whoever," used in section 74, has a broad and comprehensive meaning; but at the same time, it is unreasonable to believe that the legislature intended that a constable should be prosecuted under both sections of the statute. Under section 74 the offence consists of fraudulently converting to his own use, etc., money or property *delivered* to the person charged with the offence. Here, the money was not delivered to the defendant, within the meaning of the statute. It was collected by him, in his official capacity as constable, upon certain executions which came into his hands as an officer. It can not be said that Aultman, Miller & Co. delivered the defendant money, nor is it accurate to say that William Spence, the person against whom defendant held the executions, delivered him money. If the defendant under the executions had levied upon property, and sold and converted it into money, as a constable is required to do under the statute, it would not, under such a state of facts, be correct to say money had been delivered to him, but, on the other hand, the proceeds of the sale would be money collected by him. Nor can the fact that the money was collected without a levy upon property, make any difference. It was still money collected by him. If we are correct in this, the defendant did not fall within the terms of section 74, and was not liable under that provision of the statute.

The judgment of the circuit court will be reversed and the cause remanded.

*Judgment reversed.*