SIMPSON JOHNSON

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon January 20, 1888.*

1. OFFICERS—*failure to pay over money to successor—subject to prosecution under the Criminal Code.* In a prosecution of one who has held an office for several successive terms, under section 215 of the Criminal Code, for a failure or refusal to pay over public moneys received by him, to his successor in office, it is not necessary to a conviction to show that the defendant received the money after his last appointment, or had it on hand at the time of his last appointment. It is his duty, at the expiration of his term, to pay over to his successor all moneys received by him during his preceding as well as his last term, which he has not legally paid out. He can not shield himself from liability by failing to account to himself as his own successor.

2. SAME—*section 65 of the School law, and section 215 of the Criminal Code—as creating distinct offences.* Section 65 of the School law, which provides that when a township treasurer shall resign or be removed, etc., he shall pay over to his successor in office all moneys on hand, etc., under a penalty of not less than $10 nor more than $100, does not prevent his prosecution under section 215 of the Criminal Code, for his neglect or refusal to pay over all moneys received by him as such officer and not accounted for, to his successor. A township treasurer is not amenable alone to the provisions of the School law in that regard. Two distinct offences are created by these several sections, and they may well consist together.

WRIT OF ERROR to the Circuit Court of Jasper county; the Hon. WILLIAM C. JONES, Judge, presiding.

Messrs. GIBSON & JOHNSON, for the plaintiff in error.

Mr. GEORGE HUNT, Attorney General, and Mr. BENJAMIN F. HARRAH, State's attorney, for the People.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was an indictment in the Jasper circuit court, against plaintiff in error, for his failure to pay over to his successor in office certain school funds received by him as township treasurer of township 6 north, range 9 east, in the county of Jasper

and State of Illinois. The indictment contained ten counts. Some of them alleged a refusal to pay over the money received by the defendant, to John W. Honey, his successor in said office as treasurer of said township, upon demand by said successor, duly made therefor; and others, that no demand was made, etc., because, by reason of the absence and fault of plaintiff in error, such demand could not conveniently be made. The indictment is under section 215 of the Criminal Code, which provides: "If any State, county, town, municipal or other officer or person who now is, or hereafter may be, authorized to collect, receive, safely keep or disburse any money, revenue, bonds, mortgages, coupons, bank bills, notes, warrants or deeds, or other funds or securities belonging to the State, or any county, township, incorporated city, town or village, or any State institution, any canal, turnpike, railroad, school or college fund * * * required or authorized by law to be placed in the keeping of any such officer or person, shall fail or refuse to pay or deliver over the same when required by law, or demand is made by his successor in office or trust, or the officer or person to whom the same should be paid or delivered over, * * * he shall be imprisoned in the penitentiary not less than one nor more than ten years: *Provided,* such demand need not be made when, from the absence or fault of the offender, the same can not conveniently be made; *And provided,* that no person shall be committed to the penitentiary under this section, unless the money not paid over shall amount to $100, or if it appear that such failure or refusal is occasioned by unavoidable loss or accident." The trial resulted in a verdict of guilty, and a finding that the amount of money not paid over by defendant, as required by law, was $2171.55, and fixing the term of imprisonment at one year in the penitentiary. Motions for new trial and in arrest of judgment were severally made and overruled.

It appears, substantially without contradiction, that at the April meeting, 1878, of the trustees of schools of township 6

40—123 ILL.

north, range 9 east, in Jasper county, Simpson Johnson was appointed township treasurer of schools for said township; that he was biennially thereafter re-appointed by said trustees to that office, his last appointment to said office being April 19, 1884; that he filed bond and took the oath of office under each of said appointments. On the first day of December, 1885, he tendered his resignation as such treasurer, which was accepted by said trustees of schools, and John W. Honey was on the same day appointed his successor in said office, who duly qualified and entered upon the discharge of the duties thereof. It also appears that Johnson left the State about the 5th of December, 1885, going to the State of Florida, where he remained; that the night before he left he turned over a list of notes belonging to the township school fund to his successor in office, but paid over no money. It is shown by accounts current, rendered by Mr. Johnson, shown to be in his handwriting, that he had received, at various times, as such treasurer, large amounts of money belonging to the said school fund, and had paid out, from time to time, during his continuance in said office, considerable sums, leaving, however, of such fund so received by him as such officer, the deficit mentioned in the verdict remaining unpaid to his successor.

It is insisted on behalf of plaintiff in error, first, that a conviction can not be sustained, for the reason that it is not shown that the money unaccounted for and not paid over came to the defendant's hands after his last appointment, or that he received the said funds so remaining unpaid, from himself, as his own predecessor in office, and had the same on hand at or after his appointment, April 19, 1884. This contention is without force. If suit had been brought upon one of the bonds executed by him, it might become of the first importance to know when, in fact, the defalcation occurred, so as to fix the liability upon the particular bond in suit. (*Trustees of Schools* v. *Smith*, 88 Ill. 181.) But in this case it can make no difference. If he, as treasurer, received money belonging to the school

fund, during his second term of office, which had not been paid out, it was as much his duty to pay that over to his successor in office as it was funds received by him during his last term. He can not shield himself from liability by failing to account to himself as his own successor. When, therefore, John W. Honey was appointed his successor, December 1, 1885, it became the defendant's duty to account for, and to pay over to his said successor in office, all moneys received by him as such township treasurer and not paid out by him according to law, and for his failure to do so, after demand therefor by the person entitled to receive the same,—or without demand, if his absence or fault excused the making of the same,—he was liable to criminal prosecution under section 215 of the Criminal Code, unless it appeared that his neglect or refusal to pay the same was occasioned by unavoidable loss or accident. It will not be necessary to discuss where the burden of proof rested, in reference to the question of whether his refusal or neglect to pay over was occasioned by unavoidable loss or accident, for the reason that it is shown that the money belonging to the township school fund was not thus lost, but was used by defendant in his private affairs.

It was not error for the court to refuse the seventeenth instruction asked by defendant, which said to the jury, in substance, that a conviction could not be had unless the evidence showed that the defendant had received the money after his last appointment, or had paid over to himself, as his own successor in office, the money so withheld,—the contention being, that section 215 of the Criminal Code applies only where an officer actually has in his possession funds which came into his hands by virtue of his office, which, without in any manner converting to his own use, he simply holds or keeps in his possession, and fails and refuses to pay over to his successor. This contention would be entitled to great force if the prosecution was under section 65, chapter 122, of the Revised Statutes, which we shall have occasion to consider farther on.

It is next contended, that section 215 does not apply to the failure of the township treasurer to pay over money, etc., for the reason "that that section does not, in specific terms, include a township treasurer, while section 65, chapter 122, of the Revised Statutes, by its terms, applies exclusively to a township treasurer, and creates the offence of failing to pay over money, etc., to his successor in office, and provides a penalty, thus rendering such township treasurer amenable to its provisions, and none other." This position is, in our opinion, also untenable. The section referred to is as follows: "When a township treasurer shall resign or be removed, and, at the expiration of his term of office, he shall pay over to his successor in office all moneys on hand, and deliver all books, etc. * * * And for any failure to comply with the requisitions of this section shall be liable to a penalty of not less than $10 nor more than $100." The general principle contended for by counsel may be conceded, but it can have no application in this case. A reading of the two sections will make it apparent that two separate and distinct offences are intended to be created. Both sections are part of the general revision of 1872-74, and the presumption is they were intended to consist together, and each be capable of enforcement. This can readily be done.

The case of *Stoker* v. *The People*, 114 Ill. 320, is relied upon by counsel. In that case the defendant was indicted for larceny, under the 74th section of the Criminal Code, and the court held that he could not be convicted under that section, the facts showing that he had collected the money as constable, which it was alleged he had converted to his own use. Section 79, of the same chapter, specially provided a penalty in such cases. The facts proved brought the case within the latter section, and not within the former, the money not having been *delivered* to the defendant, within the meaning of the 74th section.

This case would seem to be authority against the position of counsel. It will be observed that section 65 of the School law requires the payment of money "on hand," and if the construction contended for is to prevail, that section would be inapplicable to cases where the money was not on hand at the end of the term of office. It will not be necessary, however, to determine that question. It is apparent that section 65 was designed to secure the prompt payment over of money, etc., immediately upon the expiration of the term of office. The failure to do so through inadvertence or mere neglect of the duty, subjects the officer to the slight penalty imposed by that section. By section 215 of the Criminal Code, the offence is made to consist in the defendant receiving money, etc., which he is authorized by law to receive, and in failing or refusing to pay over the same to the person entitled by law thereto, when required by law so to do, or upon demand therefor by the person entitled to receive the same. The legislature has here created an offence of much graver character than that created by the 65th section of the School law, involving a deliberate, wrongful act of the accused in failing and refusing to pay over funds in his legal custody when required by law to do so, or after demand therefor has been made on him for the same by the person entitled thereto, or after such willful conduct, by absence or fault on his part, as will excuse such demand. It is not necessary for us to determine in this case whether a demand is necessary in cases where the law fixes a time when the fund, etc., shall be delivered to the successor in office, as has been seen. If such demand was necessary, the fault and absence of the accused rendered the same unnecessary to be made. The penalty imposed by the section under consideration is, in consequence of the increased gravity of the offence, made more severe than that prescribed by the section of the School law above referred to. The conduct of the officer contemplated by this section, shows deliberate and willful purpose, and would, in effect, amount to a conversion

or embezzlement of the fund so in his hands. The language of section 215 is broad and comprehensive, and includes all persons, whether officers or not, who are authorized by law to receive money for any of the purposes mentioned in said section, among which is the money belonging to the school fund of the township, and no reason is perceived why the case made against the plaintiff in error did not fall directly within its provisions. We think the contention of counsel is without force, and the plaintiff in error was liable to prosecution and conviction under the indictment.

The only remaining contention is, that some arrangement had been made between the trustees of schools and the defendant, by which the money remaining in the hands of Johnson, as township treasurer, had been accounted for. It is evident this is a misapprehension of counsel. It is shown that Mr. Shup, who was security on Johnson's official bond, was applied to by Johnson for funds, with which to adjust the balance due the township. It appears that the night before Johnson left the State, he assigned to Shup two policies of insurance on his life, but Mr. Shup, as security for the money he would be required to advance, demanded security of Johnson by mortgage on his Florida property, which was not given. It is clear that there was no arrangement by which Shup was to pay the deficit, or by which the trustees were to look to Shup therefor. After Johnson's departure, Mr. Shup paid orders drawn upon him, to the amount of about $250, and then refused to pay any more, leaving the balance found by the jury unpaid.

Upon the whole record, we are satisfied the defendant was properly convicted, that no such error has intervened as should reverse the judgment of the circuit court, and it will therefore be affirmed.                              *Judgment affirmed.*

Mr. JUSTICE SCOTT: I dissent from both the reasoning and conclusion of this opinion.