## Richard C. Gunning v. The People, etc.

1. PUNISHMENT—*Defined.*—Punishment as defined in the Century Dictionary is "Pain, suffering, loss, confinement or other penalty inflicted on a person for a crime or offense, by the authority to which the offender is subject; a penalty imposed in the enforcement or application of law."

2. SAME—*Removal from Office.*—Removal from office is punishment.

3. PENALTY—*Defined.*—The Century Dictionary defines "Penalty" to be "suffering, in person or property, as a punishment annexed by law or judicial decision to a violation of law."

4. SAME—*Denotes Punishment, Whether Corporal or Pecuniary.*— Strictly and primarily the words "penal" and "penalty" denote punishment, whether corporal or pecuniary, imposed and enforced by the State for a crime or offense against its laws.

5. WORDS AND PHRASES—*With Different Meanings—Construction of Statutes.*—When a word, which may in its application have different meanings, is used in a statute, the sense in which such word is used by the legislature should control in construing and applying such statute; and where such word appears several times in the same chapter of the statute, and the sense in which it is used clearly appears in some sections, it may materially aid in determining the sense in which it is used in other sections of the same chapter.

6. CRIMINAL CODE—*Indictment and Conviction for Embezzlement Under Sec. 208, Not Lawful.*—A person can not be lawfully indicted and convicted of embezzlement under Sec. 208 of the Criminal Code because special provision has been made for the punishment of that offense in Sec. 287 and 288 of the Revenue Act.

7. SAME—*Intention of the Legislature.*—It is unreasonable to believe that the legislators intended that an assessor should be punished under sections 287 and 288 of the Revenue Act (Hurd's R. S. 1899, 1442), and also under Sec. 208 of the Criminal Code. (Hurd's R. S. 1899, 604.)

Indictment for Embezzlement.—Error to the Criminal Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded. Opinion filed December 19, 1899.

EDWARD H. MORRIS, attorney for plaintiff in error.

Defendant below was not punishable under the section of the criminal code under which he was tried, convicted and fined, his punishment being specially provided for by the revenue act, and he being excluded from punishment under it, if punishable under any other act. Sec. 208, para-

Gunning v. The People.

agraph 352, Chap. 38, Starr & Curtis' Statutes, Vol. 1, p. 1327, 2d Ed.; Sec. 287 and 288, paragraph 289 and 290, Chap. 120, Revenue Act, Vol. 5, Starr & Curtis Statutes, p. 3518.

A general provision is not applicable when there is a special one. Stoker v. People, 114 Ill. 320.

The imposition of a penalty "involves the idea of punishment, whether enforced by civil or criminal procedure. Anderson's Dictionary of Law, 763; Wolverton et al. v. Taylor et al., 132 Ill. 206.

Sec. 208 of the Criminal Code excepts and excludes an official from punishment under it if his punishment is specially provided for by any other act. Punishment as here used, means removal from office or recovery of penalty by either civil or criminal procedure. Cummings v. Missouri, 4 Wall. (U. S.) 277; Beggs v. State, 122 Ind. 54; State v. Smith, 7 Conn. 428; 4 Black. Com. 377.

CHARLES S. DENEEN, State's Attorney, for defendant in error, A. S. TRUDE and W. M. McEWEN, of counsel, contended that a man may be punishable under different sections of the criminal code, citing George v. The People, 167 Ill. 447, where an attorney who collected money upon a judgment and embezzled it was convicted under the general embezzlement statute.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

At the February term, 1898, the grand jury of Cook county returned an indictment containing thirty counts, against plaintiff in error, charging him with palpable omis- sion of duty in his office as assessor of the town of South Chicago, in said county.

The first two counts of the indictment, charging a failure to produce assessment books before the town board of review, were quashed. A motion by plaintiff in error to quash the other counts was overruled and the case tried by a jury upon the remaining twenty-eight counts. Fourteen

of these counts charge a palpable omission of duty on the part of plaintiff in error in that he, as a member of the town board of review of the town of South Chicago, willfully voted in the affirmative to adjourn the said board of review *sine die*, and by so voting did adjourn said board *sine die* before it had passed upon and heard the complaints filed before it. The remaining counts charged that he was guilty of a palpable omission of duty in that he did not, between May 1, 1897 and July 1, 1897, assess all of the property, real and personal, subject to assessment in the town of South Chicago.

The trial resulted in a verdict finding the plaintiff in error guilty, and after overruling a motion for a new trial and a motion in arrest of judgment, the court entered judgment on the verdict and imposed a fine of $2,000 upon the plaintiff in error, to reverse which he sued out this writ of error.

All of the counts of the indictment except the two which were quashed, charge a violation of Sec. 208, Chap. 38, Rev. Stat., being the Criminal Code. The indictment, conviction and fine are under this section. The duties or acts which it is alleged the defendant did not perform are those required by Sec. 76 and 86, Revenue Act (Ch. 120). Said Sec. 208 of the Criminal Code, eliminating that part not applicable to this case, is as follows:

" Every person holding any public office (whether State, county or municipal), trust or employment, who shall be guilty of any palpable omission of duty * * * or who shall be guilty of willful and corrupt oppression, malfeasance or partiality, where no special provision shall have been made for the punishment thereof, shall be fined not exceeding $10,000, and may be removed from his office, trust or employment."

Said section 208 is general in its terms, but it is conceded in the printed arguments filed herein that it does not reach such cases as this, if some special provision has been made to cover the offense here charged.

Said section 76 of the revenue act provides that assessors shall, between the first day of May and the first day of July

in each year, actually view and determine as near as may be, the actual cash value of each lot or tract of land listed for taxation, etc.

Said section 86 provides in substance, that the assessor, clerk and supervisor of each town shall meet on the fourth Monday of June, consider complaints as to assets, revise and correct the same, and adjourn from day to day until they shall have finished the hearing of all cases presented to them.

The indictment charges that plaintiff in error is guilty of the offense described in each of these sections, and the jury found him guilty. The revenue act, which provides the duties of assessors, also provides certain penalties to be imposed upon officials who violate its provisions. The two sections applicable to assessors are as follows:

Section 287. "If any officer shall fail or neglect to perform any of the duties required of him by this act, upon being requested so to do by any person interested in the matter, he shall be liable to a fine of not less than $10 nor more than $500, to be recovered in an action of debt in the Circuit Court of the proper county, and may be removed from office at the discretion of the court, and any officer who shall knowingly violate any of the provisions of this act shall be liable to a fine of not less than $10 nor more than $1,000, to be recovered in an action of debt, in the name of the people of the State of Illinois, in any court having jurisdiction, and may be removed from office, at the discretion of the court, and said fines, when recovered, shall be paid into the county treasury."

Section 288. "Every county clerk, assessor, collector or other officer, who shall in any case refuse or knowingly neglect to perform any duty enjoined upon him by this act, or who shall consent to or connive at any evasion of its provisions, whereby any proceeding required by this act shall be prevented or hindered, or whereby any property required to be listed for taxation shall be unlawfully exempted, or the same be entered upon the tax list at less than its fair cash value, shall, for every such offense, neglect or refusal, be liable, on the complaint of any person, for double the amount of the loss or damage caused thereby, to be recovered in an action of debt, in the name of the people of the State of Illinois, in any court having jurisdiction, and

may be removed from his office, at the discretion of the court."

If in the two sections last quoted there is "special provision" for the "punishment" of an assessor, within the meaning of the terms used in said section 208 for the offense detailed in this indictment, then this conviction of plaintiff in error can not be sustained. Or, in other words, would the imposition of a fine and the removal from office, under the provisions of said two sections, or either one of them, be "punishment" in the sense in which that word is used in said section 208 of the Criminal Code?

In the printed argument filed in behalf of defendant in error it is contended that plaintiff in error could not have been successfully prosecuted under the first part of said section 287, which is there quoted, nor under said section 288. But there is in such printed argument no reference to, or discussion of, the last part of said section 287. That should be construed as being as separate and distinct from the first part of the section as though it was a separate section.

"Punishment" as defined in the Century Dictionary is "pain, suffering, loss, confinement or other penalty inflicted on a person for a crime or offense, by the authority to which the offender is subject; a penalty imposed in the enforcement or application of law."

The same authority defines "Penalty" to be "suffering, in person or property, as a punishment annexed by law or judicial decision to a violation of law."

See also Bouvier's Law Dictionary; Potter's Dwarris on Statutes, p. 74; Anderson's Dic. of Law, 763; 4 Blackstone, 7; Wolverton v. Taylor, 132 Ill. 197, 206; State v. Smith, 7 Conn. 430.

In Huntington v. Attrill, 146 U. S. 657, 667, it is stated that "Strictly and primarily, they (the words 'penal' and 'penalty') denote punishment, whether corporal or pecuniary, imposed and enforced by the State, for a crime or offense against its laws." U. S. v. Reisinger, 128 U. S. 398, 402; U. S. v. Chouteau, 102 U. S. 603, 611.

When a word, which may in its application have different

meanings, is used in a statute, the sense in which such word is used by the legislature should control in construing and applying such statute.    Where such word appears several times in the same chapter of the statute, and the sense in which it is used clearly appears in some sections, that may materially aid in determining the sense in which it is used in other sections of the same chapter.

The word "punishment" is used many times in said Criminal Code.    Section 208b which, with said section 208, is under the general heading of "Misconduct of Officers," provides that an officer guilty of fraud in the expenditure of public moneys shall be "punished" by fine or by imprisonment, or by both.    In some sections of said chapter 38 it is provided that "punishment" shall be by fine *and* imprisonment, as in sections 119, 42o, 54n and 120—in others by fine *or* imprisonment, as in sections 9e, 39m, 42h, 117–125b, 137e, 269d and 292—and in still others by fine only, the same as in said sections 287 and 288 of the revenue act, as in sections 9a, 9p, 9q, 541 and 269c.

A person could not be lawfully indicted and convicted of embezzlement under said section 208, because "special provision" has been made for the "punishment" of that offense.    But certain phases of embezzlement may be punished by fine only.    See Sections 78 and 79 of the Criminal Code.

Neither can it be concluded from the fact that the fines provided for in said sections 287 and 288 of the revenue act are to be recovered "in an action of debt in the name of the people of the State of Illinois" that the penalty there imposed is not "punishment" within the meaning of that word as used in said section 208 of the Criminal Code. Section 269d of the Criminal Code provides that certain officers shall be punished by fine.    Section 269g provides that such fine may be recovered in an action of debt in the name of the people in the same words used in said sections of the revenue act.

Again said sections 287 and 288 of the revenue act provide that for the offenses there described a person found

guilty may be removed from office. That is punishment. Cummings v. State of Missouri, 4 Wall. (U. S.) 277.

In the Missouri case a Roman Catholic priest was indicted and convicted in a Missouri State court for teaching and preaching without having first taken an oath prescribed by the Constitution of that State. That was held by the Supreme Court of the United States to constitute punishment. See p. 320 *et seq.*

The penalties which might be imposed under said sections 287 and 288 of the revenue act, constitute " punishment " in the sense in which that word is used in section 208 of the Criminal Code. The indictment and conviction of plaintiff in error under said section 208 is erroneous.

Section 74 of the Criminal Code provides that " Whoever embezzles  *  *  *  shall be deemed guilty of larceny." Section 79 of that chapter provides that " if any  *  *  * constable  *  *  *  shall fail or refuse to pay over any money collected by him  *  *  *  he shall be fined  *  *  * or confined in the county jail," etc.

In Stoker v. People, 114 Ill. 320, said Stoker had been indicted and convicted under said section 74. There was no provision in that section, as there is in said section 208, relating to " special provisions  *  *  *  for the punishment " of a guilty party, and yet the Supreme Court says (p. 324):

" It is true that the word ' whoever,' used in section 74, has a broad and comprehensive meaning, but at the same time it is unreasonable to believe that the legislature intended that a constable should be prosecuted under both sections of the statute."

The judgment in that case was therefore reversed and the cause remanded.

There can be no doubt of the fact that the defendant in the case at bar was liable to be prosecuted and convicted under the " special provisions " of said sections 287 and 288 of the revenue act. As it is said in the Stoker case, it is unreasonable to believe that the legislature intended that an assessor should be punished under said sections 287 and 288, and also under said section 208 of the Criminal Code.

The reasoning in the Stoker case is conclusive when applied in the case at bar.

For the reason indicated, the judgment of the Criminal Court must be reversed and the cause remanded.