THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. EDWARD E. GORDON, Defendant-Appellee.

(No. 61081; )

First District (4th Division)—September 24, 1975.

BURMAN, J., dissenting.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and William J. Haddad, of counsel), for the People.

Michael P. Toomin, of Chicago, for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Three indictments were returned against the defendant, Edward E. Gordon, on March 4, 1974. Each indictment contained two counts of theft over $150 in violation of sections 16—1(a)(1) and 16—1(b)(1) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, pars. 16—1(a)(1), 16—1(b)(1)). In addition, each indictment contained one count of conspiracy to commit theft in violation of section 8—2 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 8—2). Section 16—1(a)(1) provides:

"A person commits theft when he knowingly:

(a) Obtains or exerts unauthorized control over property of the owner * * * [and]

(1) Intends to deprive the owner permanently of the use or benefit of the property."

Section 16—1(b)(1) provides:

"A person commits theft when he knowingly:

(b) Obtains by deception control over property of the owner * * * [and]

(1) Intends to deprive the owner permanently of the use or benefit of the property."

Section 8—2 provides in part:

"A person commits conspiracy when, with intent that an offense be committed, he agrees with another to the commission of that offense. No person may be convicted of conspiracy to commit an offense unless an act in furtherance of such agreement is alleged and proved to have been committed by him or by a co-conspirator."

On April 29, 1974, the defendant presented a motion to dismiss the indictments. In support of the motion, defendant contended that where the legislature has specifically devised special legislation that governs a particular area of criminal conduct, the general provisions of the Criminal Code cannot be invoked. The defendant asserted that he was acting in his capacity as a real estate broker when the alleged criminal conduct occurred and that the invocation of a general theft statute was barred by the enactment of a special misdemeanor statute which expressly punishes real estate brokers who fail to account or remit moneys, collected on behalf of their principals. Section 16 of the Real Estate Brokers and Salesmen License Act (Ill. Rev. Stat. 1971, ch. 114½, par. 16) (hereinafter Brokers Act) provides in part:

"Any person * * * violating any provision of this Act * * * or any person * * * failing to account for or to remit for any moneys coming into his * * * possession which be-

longs to others or commingling the money or other property of his * * * principal with his * * * own, is guilty of a misdemeanor."

Since the only offense chargeable against him was a misdemeanor, the defendant further contended that the statute of limitations had run, and therefore, the indictments should be dismissed.

The State filed an answer to the defendant's motion to dismiss. It argued that the State is not limited to charging the defendant exclusively under section 16 of the Brokers Act; that section 16 is materially different from section 16—1 of the Criminal Code; and that even if the laws were the same, section 16 was not intended by the legislature as an exclusive means of prosecution for the criminal conduct of the defendant.

At the hearing on the motion to dismiss, defendant testified that during the years 1969 through 1972 he was a licensed real estate broker and during that time he dealt with the properties of the three complainants. The trial court sustained the defendant's motion to dismiss the indictments. The State appeals from the order of dismissal and the judgments entered thereon.

The issue presented by this appeal is whether a real estate broker may be prosecuted under the theft and conspiracy provisions of the Criminal Code for allegedly engaging in conduct which also falls within the penalty provisions of the Brokers Act.

❸ ▮ When conduct violates more than one statute, each of which requires different proof or provides different defenses, a defendant may be prosecuted under the statute which provides the more severe penalty. (*People v. Keegan* (1971), 52 Ill.2d 147, 286 N.E.2d 345, *cert. denied*, 406 U.S. 964, 32 L.Ed.2d 663, 92 S.Ct. 2408.) Moreover, if the conduct for which a defendant is prosecuted constitutes a misdemeanor under one statute and a felony under another, he may be prosecuted for the felony. (*People v. Singer* (1919), 288 Ill. 113, 123 N.E. 327.) Finally, in *People v. McCollough* (1974), 57 Ill.2d 440, 313 N.E.2d 462, these principles found application where the less severe of two statutes applied only to the particularized conduct of an especial group.

Applying these principles to the case at bar we discover that theft over $150 is a felony which provides a more severe penalty than section 16 of the Brokers Act which is a misdemeanor. Additionally, the Brokers Act requires no proof of a requisite mental state whereas section 16—1 of the Criminal Code requires such proof.

▮▮ When possible, general and special statutes should be read together and harmonized. This is not a case where the clear legislative intent was to remove particular conduct from the purview of the Criminal Code. (*Eg.*, *People v. Taylor* (1974), 18 Ill.App.3d 480, 309 N.E.2d

595.) Nor do we believe it was the intent of the legislature to insert an exception into the general criminal law and thereby preempt application of the general theft statute to a real estate broker. Rather, it is our opinion that the legislature left the responsibility to the State of determining under which law a real estate broker may be properly prosecuted. "The State's Attorney is the representative of the People and has the responsibility of evaluating the evidence and other pertinent factors and determining what offense can properly and should properly be charged." *People v. Rhodes* (1967), 38 Ill.2d 389, 396, 231 N.E.2d 400, 403.

Both *Stoker v. People* (1885), 114 Ill. 320, 2 N.E. 55, and *Gunning v. People* (1899), 86 Ill.App. 174, relied upon by defendant, are distinguishable from the case at bar. In *Stoker*, the facts showed that the defendant's conduct did not bring him within the statute under which he was convicted. In the instant case defendant's alleged conduct was violative of both section 16 of the Brokers Act and section 16—1 of the Criminal Code. In *Gunning*, a county assessor was indicted and convicted under a statute which expressly provided that the proscribed conduct was punishable under the Criminal Code only if no "special provision shall have been made for the punishment thereof." The conviction was reversed when a "special provision," applicable to assessors, was found in the Revenue Act. In the case at bar no express legislative intent is present limiting section 16—1 of the Criminal Code.

For the reasons stated, the judgments of the Circuit Court of Cook County are reversed and the cause remanded.

Reversed and remanded.

JOHNSON, J., concurs.

Mr. JUSTICE BURMAN, dissenting:

The sole question here is whether the State may elect to indict a defendant on a felony charge of theft where his criminal conduct falls specifically within the terms of a special misdemeanor statute. The trial court held that the State could not so proceed and I agree.

The facts are adequately described in the majority opinion and need not be repeated here. The record establishes that the defendant is charged with improperly obtaining or exercising control over property while acting as a managing agent in his capacity of a real estate broker. Section 16 of the Real Estate Brokers and Salesmen License Act has specific application to this conduct, for it was designed to punish real estate brokers who fail to account or remit monies collected on behalf of their principals. (Ill. Rev. Stat. 1973, ch. 114½, par. 16.) As stated in

*People v. Keegan* (1971), 52 Ill.2d 147, 152, cited by the majority, "[i]t is axiomatic that in enacting a statute designed to suppress an evil the General Assembly may make classifications with which the courts will not interfere unless they are shown to be unreasonable and arbitrary." No contention is made that this special legislation is unreasonable and arbitrary or that the defendant's conduct did not constitute a violation under the special statute. In my opinion the State had deliberately attempted to circumvent the intent and purpose of the legislature and should not be permitted to do so.

It is generally accepted that special statutes prevail over general statutes, especially when the special statute has its origin later in time. (*People v. Taylor* (1974), 18 Ill.App.3d 480.) The theft statute which the State seeks to prosecute was on the books at the time the General Assembly enacted the Real Estate Brokers and Salesmen License Act. Our legislators were aware of this fact. Legislation is not passed without purpose, but rather it is enacted with an aim to effect a change of policy. Apparently our legislators determined such a change was necessary with regard to real estate brokers. We do not delve into the minds of legislators or their motives. The wisdom of a legislative enactment is a matter for the legislators and not for the courts or the State's Attorney.

In *Stoker v. People* (1885), 114 Ill. 320, 2 N.E. 55, the defendant, a constable, had been charged and convicted of larceny for failure to turn over money collected by him. He contended that his conviction under a general criminal provision was unlawful because while acting in his capacity as a constable, he was amenable to prosecution solely under a special statute. In reversing his conviction, the Court held that it was unreasonable to believe the legislature intended that a constable should be prosecuted under a general larceny provision where his conduct falls within the terms of a special provision. Similarly, in *Robertson v. State* (1934), 207 Ind. 374, 192 N.E. 887, the court reversed the defendant's conviction under a general statute where his conduct fell within the terms of a special statute. The court reasoned that to hold otherwise would render useless the special legislation enacted for that purpose.

In *Keegan* as well as all other cases relied upon by the majority, the defendants were commonly situated as members of the general public. None were engaged in a particular occupation which the legislature in its discretion regulated and controlled by special legislation. Thus, the status of the offender was not a relevant consideration. Generally, in those cases the defendant's conduct fell within the terms of two general laws and the defendant attempted to control and select the offense with which he could be charged. In the instant case it was the legislature and not the defendant who made that determination. In my opinion the quashing of the indictments should be affirmed.