(No. 48034.–

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. EDWARD E. GORDON, Appellant.

*Opinion filed September 20, 1976.*

Michael P. Toomin, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, of

Chicago, and Laurence J. Bolon, David A. Novoselsky, and Iris E. Sholder, Assistant State's Attorneys, of counsel), for the People.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

The grand jury in the circuit court of Cook County returned three indictments against the defendant, Edward E. Gordon, in March of 1974. The first count of each indictment charged conspiracy to commit theft (Ill. Rev. Stat. 1971, ch. 38, par. 8—2), and in count II of each indictment the defendant was charged with theft over $150 in that "he knowingly exerted unauthorized control over the property" of the owner with the intent to deprive the owner permanently of the property (Ill. Rev. Stat. 1971, ch. 38, par. 16—1(a)(1)). In count III of each indictment the defendant was charged with theft over $150 in that "he knowingly obtained by deception control over the property" of the owner with the intent to deprive the owner permanently of the property (Ill. Rev. Stat. 1971, ch. 38, par. 16—1(b)(1)).

The defendant filed a motion to dismiss the indictment arguing that the charges arose in connection with his services as a real estate broker and that, in essence, he was being charged with the commingling and conversion of funds belonging to certain clients. He contended that the General Assembly had enacted special legislation which provided that a real estate broker who failed to account or remit money collected on behalf of a client or who commingled his own funds with those of a client was guilty of a misdemeanor and, therefore, he could not be charged under sections 8—2, 16—1(a)(1) or 16—1(b)(1) of the Criminal Code. The trial court dismissed the indictment, but the appellate court reversed (32 Ill. App. 3d 378). We allowed the defendant's petition for leave to appeal.

The defendant argues here that he is subject to

prosecution only under section 16 of "An Act in relation to the definition, registration and regulation of real estate brokers and real estate salesmen" (Ill. Rev. Stat. 1971, ch. 114½, par. 16, repealed by section 23 of Public Act 78—883) (hereafter, the Real Estate Brokers Act), because he was acting as a real estate broker at the time of the alleged offenses. Section 16 provides, in part, that:

> "Any person *** failing to account for or to remit for any moneys coming into his *** possession which belong to others or commingling the money or other property of his *** principal with his *** own, is guilty of a misdemeanor ***."

The defendant argues that section 16 and the above mentioned sections of the Criminal Code "relate to the same general subject matter" and contends that where the legislature treats a subject "in a minute and definite way," the special law, section 16 of the Real Estate Brokers Act in this case, shall take effect over the more general law. "Accordingly," the defendant contends, he "was not amenable to prosecution under the general theft statute." Special legislation, he says, must take precedence or the will of the legislature will be circumvented.

The defendant's arguments do not persuade. The basic error is that he proceeds on the assumption that section 16 of the Real Estate Brokers Act proscribes the same conduct as is proscribed by sections 8—2, 16—1(a)(1) and 16—1(b)(1) of the Criminal Code. Manifestly this is not so. Section 16 is violated if a broker fails to account or remit or commingles property of his principal with his own, regardless of his intention or mental state in doing so. The section makes a real estate broker strictly liable for his actions in dealing with property of his client. If he does not remit or account or if he commingles his and his client's funds he is, without more, guilty of a misdemeanor.

The proof required for a conviction under sections 8—2, 16—1(a)(1) and 16—1(b)(1) is far different. To obtain a conviction under any of these three sections, the

People must prove more than just the accused's failure "to account for or to remit for" his client's money or his commingling of funds of his client with his own. To prove conspiracy under section 8–2, the prosecutor must show a specific intention to commit the substantive offense involved, as well as an act in furtherance of the unlawful agreement of the conspirators. To prove a violation of section 16–1(a)(1), the prosecutor must show that an accused knowingly obtained or exerted "unauthorized control over the property of the owner" with the intent "to deprive the owner permanently of the use or benefit of the property." Similarly, a violation of section 16–1(b)(1) can be shown only by the prosecution's proof that the accused knowingly obtained "by deception control over the property of the owner" with the intent "to deprive the owner permanently of the use or benefit of the property."

It is clear that when a defendant's act has been in violation of more than one statute, and each statute requires different proof for conviction (though there may be some overlapping), or provides for different defenses, the defendant may be prosecuted under the statute which provides for the greater penalty. *People v. Keegan*, 52 Ill. 2d 147; *People v. Barlow*, 58 Ill. 2d 41; *People v. Parks*, 48 Ill. 2d 232.

The offenses charged in the indictment had elements not required for a violation of section 16. The appellate court properly reversed the trial court's dismissal of the indictments on the defendant's pretrial motion.

A question similar to the one here was presented in *Johnson v. People*, 123 Ill. 624. The defendant was charged under section 215 of the Criminal Code with failing to or refusing to pay over to his successor funds he received as township treasurer. He contended that he could be charged only under section 65 of the School Code, which required a township treasurer to pay over all moneys on hand when he left office. The provisions of the Criminal Code under which the defendant was indicted

provided a maximum penalty of 10 years in the penitentiary, while the other statute, *i.e.,* section 65, provided a maximum penalty of a fine not to exceed $100. The evidence showed that the defendant had used township funds for his own personal purposes. This court said:

"It is apparent that section 65 was designed to secure the prompt payment over of money, etc., immediately upon the expiration of the term of office. The failure to do so through inadvertence or mere neglect of the duty, subjects the officer to the slight penalty imposed by that section. By section 215 of the Criminal Code, the offence is made to consist in the defendant receiving money, etc., which he is authorized by law to receive, and in failing or refusing to pay over the same to the person entitled by law thereto, when required by law so to do, or upon demand therefor by the person entitled to receive the same. The legislature has here created an offence of much graver character than that created by the 65th section of the School law, involving a deliberate, wrongful act of the accused in failing and refusing to pay over funds in his legal custody when required by law to do so, or after demand therefor has been made on him for the same by the person entitled thereto, or after such willful conduct, by absence or fault on his part, as will excuse such demand. *** The penalty imposed by the section under consideration is, in consequence of the increased gravity of the offence, made more severe than that prescribed by the section of the School law above referred to. The conduct of the officer contemplated by this section, shows deliberate and willful purpose, and would, in effect, amount to a conversion or embezzlement of the fund so in his hands." 123 Ill. 624, 629-30; see *People v. Schnepp,* 362 Ill.

172

495; *Woods v. People,* 222 Ill. 293; see also *People v. Menagas,* 367 Ill. 330.

We cannot accept the defendant's contention that the General Assembly in enacting section 16 intended to give real estate brokers a special status to prohibit their prosecution for theft if there is a mishandling of clients' funds. What does seem clear to us is the legislative intention to impose on them a special and strict statutory responsibility in the handling of clients' property.

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*