(No. 12651.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. JOHN C. MEYER, Plaintiff in Error.

*Opinion filed June 18, 1919—Rehearing denied October 24, 1919.*

1. CRIMINAL LAW—*forgery is committed by making false instrument with the intent to defraud.* The crime of forgery is complete with the making of a false instrument with the intent to defraud, and it is immaterial whether anyone is, in fact, defrauded if the intent to defraud is shown.

2. SAME—*the intent to defraud may be presumed from circumstances proven.* Where a forged instrument is uttered the intent to defraud may be presumed or inferred from proven facts and circumstances surrounding the transaction.

3. SAME—*entries by agent in his books are not admissible in his defense against charge of forgery.* Entries by an agent in his books are not admissible in his behalf in defense against the charge of forging the name of his employer, as such entries are in the nature of self-serving declarations.

4. SAME—*what not a defense to the charge of forging name of the defendant's employer.* Where an agent is charged with having forged the name of his employer, it is no defense that the employer, who finally paid the forged instrument, was indebted to the defendant and that the defendant intended to devote the money obtained by means of the instrument to the payment of the debt or that the bank which advanced the money on the instrument was reimbursed.

5. SAME—*when instruction does not assume that defendant was contradicted.* An instruction that the jury "are also to take into consideration the fact, if such is the fact, that he [the defendant] has been contradicted by other credible witnesses" does not assume that the defendant has been contradicted, nor does it tell the jury to disbelieve his testimony if he has been contradicted.

6. SAME—*defendant cannot complain that instruction does not define word "forge."* In a prosecution for forgery the defendant cannot complain that an instruction given for the People uses the word "forge" without defining it, particularly where he requested no instruction defining the same.

WRIT OF ERROR to the Circuit Court of Ford county; the Hon. T. M. HARRIS, Judge, presiding.

SCHNEIDER & SCHNEIDER, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, F. M. THOMPSON, State's Attorney, and SUMNER S. ANDERSON, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, John C. Meyer, (hereinafter referred to as defendant,) was convicted in the circuit court of Ford county of the crime of forgery. Motions for a new trial and in arrest of judgment were made and overruled and defendant was sentenced to the penitentiary.

Defendant conducted the only store at Garber, a grain station in Ford county, and also acted as agent for the American Hominy Company, a New Jersey corporation doing business in this State under the trade name of Suffern-Hunt Mills, with offices at Decatur, Illinois, and hereinafter referred to as employer. As such agent he was authorized to purchase grain and draw sight drafts on his employer in payment of such purchases. He was required to report daily to his employer at Decatur, on report sheets furnished to him by his employer, all purchases made by him. These sheets were designed to show quantity and kinds of grains received, price the bushel, the number and the amount of the sight draft given in payment, total grains of each kind received, shipped out and remaining in elevator, whether cash purchase or under contract, and other details unimportant here. On April 21, 1917, defendant in his daily report reported to his employer that he had contracted to purchase from W. E. Lipe, a farmer living west of Garber, 1800 bushels of white corn at $1.45 a bushel. In his daily report of June 7, 1917, defendant reported that Lipe had delivered on contract 1612.8 bushels of white corn at $1.45 a bushel, and that he had issued to Lipe draft No. 2908 in the sum of $2337.60. Defendant, in fact, had not con-

tracted for nor did he purchase any corn from Lipe, as reported by him to his employer. Defendant drew a sight draft on his employer in favor of Lipe for $2337.60, and thereupon indorsed Lipe's name upon the back of the sight draft and then deposited the sight draft in the Gibson City State Bank to his (defendant's) credit. It was paid by the American Hominy Company June 8, 1917. The proceeds of this check were all drawn out of the Gibson City State Bank by defendant by various individual checks issued by him. After depositing this sight draft defendant made purchases of grain from various farmers and issued his individual checks therefor, amounting to the sum of $1600. He claims this grain was put in the elevator to his employer's credit. The evidence is not clear as to what became of the difference between the amount of the sight draft and the amount paid out by defendant by means of these individual checks. He claims it was used to reimburse him for grain for which he had furnished farmers implements and groceries. There is also evidence showing that defendant bought grain on his own account and shipped it through his employer's elevator without his employer's knowledge. The bank gave defendant credit to the full amount of the sight draft, assuming that the signature of Lipe was genuine. Lipe knew nothing of the transaction whatever, and neither did defendant's employer, except such information as it received through defendant's false report.

Counsel for defendant take the position in their brief that defendant did not defraud either Lipe or the Gibson City State Bank. The crime of forgery is complete with the making of a false instrument, the subject of forgery, with the intent to defraud, and it is immaterial whether anyone was, in fact, defrauded. (19 Cyc. 1377.) If the intent to defraud is shown, that is sufficient. When the forged instrument is uttered the intent to defraud is presumed. (*Spears* v. *People*, 220 Ill. 72.) Where the party is actually defrauded the intent to defraud ordinarily be-

comes conclusive. Here the bank paid out its money·on the
forged instrument, and the fact that it was reimbursed is
no defense to a charge of forgery. The intent to defraud
may be inferred from facts and circumstances surrounding
the transaction, and from an examination of the record in
this case we feel that the intent to defraud was fully shown.
The evidence warrants the conclusion that the defendant
used the sight draft as the means of obtaining money for
his own use.

It is next urged that the court erred in refusing to ad-
mit in evidence defendant's books showing certain business
transactions with John Claussen. It is contended that the
account book offered in evidence would show disbursements
for the benefit of his employer to the amount of .the differ-
ence between the amount of the sight draft and the indi-
vidual checks issued by defendant to various farmers from
whom he had purchased grain. We fail to see how this
evidence was competent in defendant's behalf. The entries
being made by defendant, they come under that class of
evidence known as self-serving declarations, and they were
properly excluded by the trial court. Furthermore, it could
not have served as a defense to forging Lipe's name. It
would be no defense that the employer, who finally paid this
forged instrument, was indebted to defendant and that de-
fendant intended to devote the money obtained by means of
the instrument to the payment of the debt. (19 Cyc. 1377.)

It is also urged that the court erred in admitting evi-
dence of a shortage of grain in the elevator, as shown in
rebuttal by a witness for the People. This evidence was
properly admissible, as it tended to rebut defendant's tes-
timony that he purchased grain with the money received
on this draft and placed it in the elevator for his employer.

Defendant further urges as ground for reversal that the
trial court erred in the giving of instructions offered by
the People. People's instructions 1 and 2 defined reason-
able doubt and have been repeatedly given in the trial of

criminal cases and have received the approval of this court. (*Painter* v. *People,* 147 Ill. 444.) No. 4 was an approved instruction on presumption of innocence. *Spies* v. *People,* 122 Ill. 1.

Instructions 3, 6 and 10 are complained of on the ground that they are instructions on circumstantial evidence and not applicable to this case. Part of the People's case was necessarily based upon circumstantial evidence, and these instructions were properly given. The intent is generally determined from the facts and circumstances surrounding the transaction.

Instruction No. 5 was an approved instruction on the weight which should be accorded the defendant's testimony. Complaint is made of the mandatory character of the word "are" in the following sentence: "And you are also to take into consideration the fact, if such is the fact, that he has been contradicted by other credible witnesses." This instruction does not assume a fact and then direct the jury to consider it. It simply states that if the defendant has been contradicted by other credible witnesses the jury should consider this in weighing defendant's testimony. It does not assume that defendant has been contradicted, nor does it tell the jury that they should disbelieve his testimony if he has been contradicted. The instruction correctly stated the law and was properly given. *Hirschman* v. *People,* 101 Ill. 568; *People* v. *Snyder,* 279 id. 435.

Complaint is made that People's instructions 8, 9, 11, 12 and 13 are objectionable for the reason that they do not define the meaning of the term "forge," and that neither of the instructions states what constitutes the crime of forgery. The term "forge" was used in the instructions in the same sense in which it is used in the statute and could not have been misleading to the jury. These instructions might properly have contained a definition of the term "forgery," but had defendant requested the trial court to so instruct

the jury he could have obtained the benefit thereof. Failing to do so he cannot be now heard to complain. We have considered other objections made to these instructions and find that they correctly state the law when considered with other given instructions. It was clearly pointed out in instructions given for the defense that the intent to defraud must be proven.

Complaint is also made of the action of the trial court in refusing certain instructions asked for by the defendant. Defendant's refused instructions 1 to 7, inclusive, were on the subject of reasonable doubt and presumption of innocence and were fully covered by other instructions given. Defendant's refused instructions 8 and 14 were peremptory instructions and were properly refused by the trial court, as there was evidence tending to show that at the time defendant prepared the draft and signed Lipe's name on the back thereof he intended to defraud either his employer, the bank or Lipe. It was properly left to the jury to determine whom he intended to defraud. Counsel for defendant argue at great length on the action of the trial court in refusing instruction No. 13. This instruction was properly refused for the reason that there was no evidence upon which to predicate the same.

We have given careful consideration to the instructions in this case, and when the same are read as a series they fairly present the law applicable to the case.

The verdict of guilty was amply justified by the competent evidence. Defendant has had a fair and impartial trial, and no prejudicial error having intervened in the proceedings the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*