(No. 29910.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MAITLAND E. BROWN, Plaintiff in Error.

*Opinion filed March 19, 1947—Rehearing denied May 19, 1947.*

MAITLAND E. BROWN, *pro se.*

GEORGE F. BARRETT, Attorney General, and W. K. KID-WELL, State's Attorney, of Mattoon, (HUGH HARWOOD, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Maitland E. Brown, *alias* M. E. Brown, was indicted in the circuit court of Coles county for the crime of forgery. The indictment, consisting of one count, charged that plaintiff in error, on November 3, 1945, did unlawfully, feloniously, fraudulently and falsely make, forge and counterfeit a certain bank check purporting to have been made by Garham Powell, Powell Drilling Co., for the payment of money to M. E. Brown. On February 4, 1946, plaintiff in error was duly arraigned in said court and entered a plea of not guilty. Counsel was appointed for his defense. On February 15, 1946, he withdrew his plea of not guilty, and, after being admonished by the

court as to the effect of his purported plea, entered a plea of guilty and was sentenced to an indeterminate term in the penitentiary for a period of from one to fourteen years. He brings this cause here on the common-law record contending the indictment is erroneous for the reason it does not set forth any endorsement upon the alleged check, and does not set forth the check alleged to have been forged. On motion of the defendant in error, leave was granted to file a complete common-law record which obviated plaintiff in error's contention that the check alleged to have been forged, was not set forth in the indictment.

We have examined the indictment as set forth in the additional abstract and find from its language that on its face it sets out the alleged forged instrument according to its tenor. The indictment, after alleging that plaintiff in error did unlawfully, feloniously, fraudulently and falsely make, forge and counterfeit a certain bank check purporting to have been made by Garham Powell, Powell Drilling Co., for the payment of money to M. E. Brown, alleged that said forged and counterfeit bank check, with endorsements on the back, is in words and figures as follows, to wit:

Mattoon, Ill. _____ *11-3* _____ 194 *5* ·

CENTRAL NATIONAL BANK OF MATTOON   70-210

PAY TO _____ *M. E. Brown* _____ OR BEARER  $ _*118.40*_

*One hundred eighteen, forty* - - - - - - - - - - - - - - - Dollars

*Garham Powell*
Powell Drilling Co.

(On Back)  M. E. Brown
Hilsabeck's Men's Wear, Mattoon, Illinois.

As shown by a photostatic copy of the said check which was made a part of the indictment.

This court held in *People* v. *Kimler*, 324 Ill. 445, that an indictment charging the making and forging of a check sufficiently sets out the forged instrument where it sets out a photostatic copy of the check and alleges the endorsement of the name of the payee on the back. Every indictment for forgery or other crime the essence of which consists in the publication or fabrication of a written instrument must on its face profess to set out the instrument according to its tenor, except where the instrument is in the possession of the accused, destroyed, or for some other reason is not accessible to the grand jury, in which case the reason for not setting it out must be distinctly averred. This rule of criminal procedure is sustained by textbooks and decided cases almost without exception. The word "tenor" imports an exact copy,—that the instrument is set forth in the very words and figures. It is sufficient, however, if the indictment uses any form of expression indicating that the copy set forth is exact, as, "in the words and figures following," "as follows," "that is to say." (*People* v. *Tilden*, 242 Ill. 536.) We think the language here, as used in the indictment, does, on its face, clearly profess to set out the instrument according to its tenor. The indictment charges all the necessary elements of the crime of forgery, namely, a false making, writing or alteration, and the instrument as set out is apparently capable of defrauding.

Plaintiff in error contends there is a variance between the purport clause and the tenor clause in the indictment, and contends that under the recent ruling in *People* v. *Nickols*, 391 Ill. 565, this is reversible error. We find but very little, if any, support in the cited case when it is applied to the record here. In the *Nickols case* we find that, in the purport clause of the indictment, plaintiff in error was charged with forging a check purporting to be payable to one Harry Crow, while in the instrument set out in the tenor clause of the indictment the name of

Harry E. Crow did not appear as a payee. In that case no payee's name appeared in the instrument set out in the indictment as shown either in the abstract or in the transcript of the record. There, after alleging in the purport clause of the indictment that the instrument forged purported to be a check payable to Harry E. Crow, the tenor clause showed that it was not a check at all and that it did not purport to be a check payable to Harry E. Crow. In the instant case we find that in the purport clause of the indictment plaintiff in error was charged with forging a check purporting to have been made by Garham Powell, Powell Drilling Co., for the payment of money to one M. E. Brown. This charge is then followed by what is alleged to be the forged instrument according to its tenor, which is set out *in haec verba*. In an examination of the instrument, which is set out according to its tenor, we find that it follows the purport clause and there is no variance whatever between the two clauses. It is apparent, therefore, that there is no fatal variance between the purport clause and the tenor clause of the indictment in the description of the instrument alleged to have been forged.

It is urged by plaintiff in error that in the additional abstract no showing is made that the check was endorsed by the payee, M. E. Brown, and that the endorsement on the reverse side of the check is not set forth whatever. From an examination of the indictment itself, we find in the purport clause it is alleged "together with the endorsement on the back thereof, to-wit:" And the tenor clause following plainly shows the endorsement of M. E. Brown and Hilsabeck's Men's Wear. It is further shown in the indictment, after the allegations of the purport clause and the tenor clause, that it was with intent to prejudice, damage and defraud the *said* Graham Powell, doing business as Powell Drilling Co., alleged maker of said false, forged and counterfeit bank check, and Ward Hilsabeck, doing

business as Hilsabeck's Men's Wear, endorser upon said false, forged and counterfeit bank check.

It is contended by plaintiff in error the indictment alleges that Ward Hilsabeck, doing business as Hilsabeck's Men's Wear, was the endorser, but the check was not made payable to him, nor is it alleged in the indictment that his endorsement was in addition to that of M. E. Brown. Whether or not the check was made payable to him is of no consequence if he was the person it was intended to defraud. It is alleged in the indictment that the instrument was falsely made with intent to defraud Ward Hilsabeck, doing business as Hilsabeck's Men's Wear. We held in the case of *People* v. *Peers,* 307 Ill. 539, "If A falsely signs the name of another person to a check and passes this forged check as true and genuine, with intent to defraud another, he is guilty of forgery and is subject to prosecution under section 105 of the code." To constitute the offense of forgery, under section 105 of division I. of the Criminal Code, (Ill. Rev. Stat. 1945, chap. 38, par. 277,) there must be a false writing or alteration of an instrument, the instrument as written must be apparently capable of defrauding, and there must be an intent to defraud. The statute makes no distinction between making, altering or counterfeiting an instrument with intent to prejudice, and uttering, publishing and passing as true and genuine any such forged instrument with intent to damage or defraud, knowing the same to be false, altered, forged or counterfeited. Every person who is guilty either of making and forging or uttering and passing, or attempting to utter and pass, under the conditions named in the statute, is deemed guilty of forgery. *People* v. *Lantz,* 387 Ill. 72; *People* v. *D'Andrea,* 361 Ill. 526.

The allegations in the instant case were sufficient and the indictment satisfies the requirements of the statute. There being no error, the judgment of the circuit court is affirmed. *Judgment affirmed.*