(No. 37883.— ▇▇▇▇▇▇▇▇▇▇)

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* JOHN F. CROUCH, Defendant in Error.

*Opinion filed November 26, 1963.*

WILLIAM G. CLARK, Attorney General, of Springfield, and ROBERT J. WAALER, State's Attorney, of Urbana, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ANDREW STECYK, Assistant State's Attorney, of counsel,) for the People.

ARTHUR M. LERNER, of Champaign, for defendant in error.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

The sole question presented by the People on this writ of error is the correctness of the order of the Champaign County circuit court quashing a forgery indictment against defendant for failure to identify the person whom defendant intended to defraud.

The indictment charged defendant "committed the offense of FORGERY, in that he, with intent to defraud, knowingly delivered to Ralph E. Scogin, doing business as the Elbo Room, a check, a document apparently capable of

defrauding another, drawn on the SECOND NATIONAL BANK OF DANVILLE, a corporation, in the sum of seventy-three dollars and eighty-five cents, ($73.85), knowing such check to be forged in such manner that it purported to have been made by James D. Willis, which check is in the words and figures following:"

(Here appears a photostatic copy of the check and endorsements.)

Defendant maintains (1) that forgery is a specific intent crime, and that identification of the person intended to be defrauded is essential to the validity of an indictment, and (2) the absence of such identification could subject defendant to a subsequent prosecution for the same offense, contrary to the constitutional safeguards against being twice put in jeopardy. Ill. Const. art. II, sec. 10; U.S. Const. amend. V.

The indictment was drawn under section 17—3 of the Criminal Code of 1961, (Ill. Rev. Stat. 1961, chap. 38, par. 17—3), which is a codification of the separate sections relating to forgery previously found in sections 105 and 107 of division I of the prior Criminal Code. (Ill. Rev. Stat. 1961, chap. 38, pars. 227—279.) Section 17—3 provides: "A person commits forgery when, with intent to defraud, he knowingly * * * (2) Issues or delivers such document knowing it to have been thus made or altered." Section 17—3(b) defines an intent to defraud as "an intention to cause another to assume, create, transfer, alter or terminate any right, obligation or power with reference to any person or property."

In support of his position defendant relies principally upon *People* v. *Ernst,* 306 Ill. 452, *Fox* v. *People,* 95 Ill. 71, and *People* v. *Fore,* 384 Ill. 455. While the decisions in *Fox* and *Ernst,* strictly speaking, turned upon grounds other than the necessity of alleging the name of the party intended to be defrauded, it must be conceded that there exists in those opinions language indicating such an allegation was es-

sential. However, the later (*Fore*) case involved an indictment for forgery in which no intent to defraud, either general or particular, was alleged. The court there stated: "Since intent to defraud is an essential element of the offense of forgery, an indictment which fails to charge fraudulent intent is fatally defective. (*People* v. *Barnes,* 314 Ill. 140.) Here, the indictment neither charges a general intent to defraud and prejudice nor a specific intent to defraud and prejudice a particular person." The clear implication of this language is that had the indictment contained an allegation of a general intent to defraud, the court would have considered it sufficient.

One of the more recent decisions of this court, not cited by either party, is *People* v. *Christison,* 396 Ill. 549, in which defendant was charged with uttering as true and genuine a forged bank check, "knowing it to be forged and with intent to defaud." The court held "The crime of forgery is complete with the making of a false instrument, the subject of forgery, with intent to defraud, and it is immaterial whether anyone was in fact defrauded."

A substantial number of States have express legislative enactments obviating the need to allege an intent to defraud a specific person. In other States having no statutory solution to the question, the reviewing courts have considered the problem. In *Johnson* v. *State,* 35 Tex. Cr. 271, 33 S.W. 231, the Court of Criminal Appeals of Texas held: "At common law, while it was the practice to name the party intended to be defrauded or injured, still an indictment was sufficient which failed to do this. In this state we have held it was not necessary to the sufficiency of an indictment for it to name the person intended to be injured or defrauded." In *State* v. *Barnhart,* 127 W. Va. 545, 33 S.E.2d 857, the Supreme Court of Appeals of West Virginia held sufficient an indictment for forgery containing only an allegation of a general intent to defraud, stating: "We do not think it necessary to decide whether

'The Schilling Lumber Co.' was the name of the firm or corporation intended to be used, for the reason that it is not necessary to show that it was the intent of the defendant to defraud any particular person. In Underhill's Criminal Evidence, 4th Ed. 1286, it is said: 'The intent of the accused to defraud is the essence of the crime and must be proved beyond a reasonable doubt, and, if it is shown, evidence that the party whose name was forged had no legal capacity to sign is irrelevant. It is not necessary to show that it was the intent of the defendant to defraud any particular person. It is enough that a general intent to defraud is shown'." To the same effect are *Howard* v. *State,* 37 Tex. Cr. 494, 36 S.W. 475; *State* v. *Wahl,* 118 Kan. 771, 236 Pac. 652.

It is apparent from the later decisions of this court that the implications of the earlier *Fox* and *Ernst* cases that the indictment must identify the person intended to be defrauded have been abandoned, even though not expressly overruled, and such action accords with the demands of modern commerce in negotiable instruments. The gist of the offense of forgery is the intent to defraud involved in the making of a forged instrument or knowingly uttering the same. The offense is not less inimical to society, nor any more nor less harmful, by reason of the identity of the party defrauded or intended to be defrauded. As we state in *People* v. *Peck, ante,* p. 480, at 484, decided at this term, in holding it unnecessary to name the owner of property stolen in a burglary, "What the statute is concerned with is a generalized intent to commit a theft or felony within the building unlawfully entered. The indictment in this case charges the offense in the language of the statute, and the statute describes the offense with sufficient clarity. To require the allegation of a more particularized intent would be unrealistic." So, here, the statute is concerned with the fraudulent intent involved in falsifying an instrument or knowingly delivering it; the action is deemed criminal be-

cause of an intent to defraud rather than because such an intent is directed toward a specific individual.

As further supporting his position defendant argues that the absence of identification of the person intended to be defrauded will subject defendant to subsequent prosecution for the same offense. A short answer to this lies in the fact that our prior decisions require the forged instrument to be set forth in the indictment (*People* v. *Brown*, 397 Ill. 92), and that the indictment before us identifies the party to whom it was delivered. Under such allegations the defendant is amply protected against a subsequent prosecution for the same offense.

We therefore hold it unnecessary, in an indictment for forgery, such as here present which identifies the person to whom delivery was made and contains an allegation that the proscribed action was taken with an intent to defraud, to include an additional averment that it was done with intent to defraud a specific person.

The order of the circuit court of Champaign County quashing the indictment is accordingly reversed and the cause remanded with directions to deny the motion to quash.

*Reversed and remanded, with directions.*