(No. 49114.—

## THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. RENEE HENDERSON, Appellant.

*Opinion filed Jan. 27, 1978.—Rehearing denied March 30, 1978.*

CLARK and GOLDENHERSH, JJ., dissenting.

Michael J. Rosborough, Deputy Defender, of Mt. Vernon, and Richard J. Wilson, Deputy Defender, of Springfield, both of the Office of State Appellate Defender (Ann L. Carr and Richard E. Cunningham, Assistant Defenders, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and J. E. Dull, State's Attorney, of Jefferson County (Donald B. Mackay and Anne Taylor, Assistant Attorneys General, of Chicago, of counsel), for the People.

MR. JUSTICE DOOLEY delivered the opinion of the court:

On April 2, 1975, defendant presented to a pharmacist a prescription for 30 tablets of preludin, a form of

phenmetrazine, a controlled substance under the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1208(b)). Upon the arrival of the police, defendant fled without obtaining the drug. Defendant knew the prescription bore a false signature.

On April 3, 1975, a complaint charging her with forgery (Ill. Rev. Stat. 1975, ch. 38, par. 17—3) was filed in the circuit court of Jefferson County. She waived indictment, right to counsel, and jury trial. She pleaded guilty pursuant to a plea bargain agreement, and was sentenced to a term of one to three years.

In the appellate court the State confessed error on defendant's waiver of counsel and waiver of indictment. However, the appellate court held defendant could be prosecuted under the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 1—1 et seq.), and reversed and remanded the cause so that defendant could plead anew. (42 Ill. App. 3d 758.) We allowed her petition for leave to appeal under Rule 315 (58 Ill. 2d R. 315).

The question for decision is whether defendant can be charged with forgery, a Class 3 felony under the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 17—3(d)), or whether the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1101 et seq.) is the exclusive basis for criminal prosecution for the delivery of a false prescription. Under this statute such an offense is a misdemeanor (Ill. Rev. Stat. 1975, ch. 56½, par. 1406(b)).

Defendant's contention is that the Illinois Controlled Substances Act is the only statute under which she can be prosecuted.

Since the respective statutes are of such importance, we set them forth. Section 17—3 of the Criminal Code of 1961 provides:

"(a) A person commits forgery when, with intent to defraud, he knowingly:
(1) Makes or alters any document apparently capa-

ble of defrauding another in such manner that it purports to have been made by another or at another time, or with different provisions, or by authority of one who did not have such authority; or

(2) Issues or delivers such document knowing it to have been thus made or altered; or

(3) Possesses, with intent to issue or deliver, any such document knowing it to have been thus made or altered.

(b) An intent to defraud means an intention to cause another to assume, create, transfer, alter or terminate any right, obligation or power with reference to any person or property.

(c) A document apparently capable of defrauding another includes, but is not limited to, one by which any right, obligation or power with reference to any person or property may be created, transferred, altered or terminated.

(d) Sentence.

Forgery is a Class 3 felony." Ill. Rev. Stat. 1975, ch. 38, par. 17—3.

Section 406(b)(6) of the Illinois Controlled Substances Act provides:

"(b) It is unlawful for any person knowingly:

\* \* \*

(6) to possess without authorization, official blank prescription forms or counterfeit prescription forms; \*\*\*." Ill. Rev. Stat. 1975, ch. 56½, par. 1406(b)(6).

Defendant does not urge that her conduct does not come within the broad terms of the crime of forgery as defined by the Criminal Code of 1961. Examination of subparagraphs (b) and (c) of section 17—3 makes this obvious.

Under *People v. Gordon* (1976), 64 Ill. 2d 166, and *People v. Brooks* (1976), 65 Ill. 2d 343, when a defendant's act is in violation of more than one statute, and each statute requires different proof for conviction or provides for different defenses, the State has the discretion to

determine under which statute, including that providing for a greater sentence, the defendant will be prosecuted. This assumes, of course, that the two statutes are not the same.

In accord with these decisions, we hold that the Illinois Controlled Substances Act does not prevent prosecution under the Criminal Code of 1961 for the crime of forgery even though the Code may provide for a greater sentence.

Defendant urges that because she did not obtain a pecuniary advantage and did not defraud the pharmacist or doctor, she could not be guilty of forgery. This argument has been frequently urged in the past, but never with success. "The gist of the offense of forgery is the intent to defraud involved in the making of a forged instrument or knowingly uttering the same." (*People v. Crouch* (1963), 29 Ill. 2d 485, 488.) The words "uttering" or "to utter" have a clear definition in law; they mean substantially "to offer" (*People v. Katz* (1934), 356 Ill. 440, 445). It is immaterial to the crime of forgery whether anyone was in fact defrauded. *People v. Meyer* (1919), 289 Ill. 184, 186; *People v. Church* (1937), 366 Ill. 149, 151.

"Forgery *** does not require that anyone be actually defrauded of his money or property. One who has never had a chance to pass his forged document, or whose forgery is spotted when he tries to pass it, is nevertheless guilty of forgery." W. LaFave & A. Scott, Criminal Law sec. 90, at 671-72 (1972).

For the reasons herein expressed, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE CLARK, dissenting:

I believe the Illinois Controlled Substances Act precludes prosecution of the defendant here under the Criminal Code of 1961 for the crime of forgery.

Different elements are, of course, present in the two statutes at issue. Section 17—3 of the Criminal Code of 1961 requires a specific "intent to defraud," while section 406(b)(6) of the Illinois Controlled Substances Act requires knowledge. If this were the extent of the problem before us, we would readily agree that *People v. Gordon* (1976), 64 Ill. 2d 166, and *People v. Brooks* (1976), 65 Ill. 2d 343, were controlling, and that the State could charge defendant with the felony of forgery rather than the misdemeanor of possession of a false prescription. See also *People v. Barlow* (1974), 58 Ill. 2d 41, 44 (where this court held that "a defendant is not denied equal protection of the laws if he is prosecuted under the statute which provides the more severe penalty").

However, the defendant's conduct did not involve two different violations, one of which was more severe and could be the basis chosen by the State to prosecute. Her conduct lacked both the "intent to defraud" and possession of a "document apparently capable of defrauding another" (Ill. Rev. Stat. 1975, ch. 38, par. 17—3). In other words, one of the required elements of forgery was missing.

Dr. Johnson has defined "to defraud" as "to rob or deprive by a wile or trick; to cheat; to cozen ***." (1 S. Johnson, A Dictionary of the English Language (1799).) That definition has not changed much, although the law has taken, perhaps, a more precise notion of forgery and defrauding. Forgery is the "false taking or material altering, with intent to defraud, of any writing which, if genuine might apparently be of legal efficacy ***. [Citations.] A fraudulent making and alteration of writing to prejudice of another man's right ***." (Black's Law Dictionary 779 (4th ed. 1951).) To defraud is to "practice fraud, to cheat or trick. [Citations.] To deprive a person of *property* or any interest, estate, or right by fraud, deceit, or artifice." (Emphasis added.) (Black's Law

Dictionary 551.) The common law is quite similar: a person must be harmed or prejudiced. (*E.g.*, *People v. Brown* (1947), 397 Ill. 92, 97, and *People v. Mau* (1941), 377 Ill. 199, 202-06.) But the most telling definition is that in the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 17—3), and it merits repeating:

> "(b) An intent to defraud means an intention to cause another to assume, create, transfer, alter or terminate any right, obligation or power with reference to any person or property.
>
> (c) A document apparently capable of defrauding another includes, but is not limited to, one by which any right, obligation or power with reference to any person or property may be created, transferred, altered or terminated."

In essence then, forgery is a crime in which a victim has been harmed: property or rights in property have been taken fraudulently; or money or pecuniary advantage wrongly gained from the victim.

The majority's reliance on *People v. Crouch* (1963), 29 Ill. 2d 485, *People v. Katz* (1934), 356 Ill. 440, *People v. Meyer* (1919), 289 Ill. 184, and *People v. Church* (1937), 366 Ill. 149—and on LaFave—is misplaced. Those cases, including *Crouch,* involved identifiable victims who would have been harmed had the transactions been completed or the "negotiations" successful. An instrument was fraudulently "uttered" against someone but unsuccessfully or incompletely. In short, those cases address the problem of depriving anyone of value or of gaining an advantage over someone by means of a false instrument— before anyone was actually defrauded or harmed. Had those transactions been completed, identifiable victims would have been harmed.

That is not the case before us. If Henderson had been successful in acquiring the drugs, there would still have been no identifiable victim—other than the defendant herself. The physician, whose name was wrongly used, was

not defrauded; the pharmacist, to whom the prescription was given, suffered no loss, since defendant was apparently prepared to pay for the drugs. The crime was against the People. Forgery involves a crime against property; defendant's actions involved neither a crime against property nor a defrauded person. See *State v. McFall* (1968), 103 Ariz. 234, 237-38, 439 P.2d 805, 808-09.

There are other indications of the legislature's intent to treat the use of false prescriptions to procure drugs outside the range of the Criminal Code of 1961, that is, to treat such conduct as a drug problem. The Committee Comments to section 17—3 (Ill. Ann. Stat., ch. 38, par. 17—3 (Smith-Hurd 1970)) note that section 17—3 is a codification of previous laws proscribing various kinds of forgery (Ill. Rev. Stat. 1959, ch. 38, pars. 151 (currency), 277 (records and other writings), 278 (securities), 279 and 280 (bills and notes), and 401 (public records)). Admittedly, those forms of forgery are not exhaustive; however, possession of a false prescription is not easily accommodated in that group. Furthermore, defendant's conduct is precisely that which is prohibited in section 406(b)(6) of the Illinois Controlled Substances Act, and described as a misdemeanor, but does not so neatly fit the forbidden conduct of section 17—3 of the Criminal Code of 1961. Finally, the legislative intent to treat the possession of false prescriptions separately is indicated in the first section of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1100):

> "It is not the intent of the General Assembly to treat the unlawful user or occasional petty distributor of controlled substances with the same severity as the large-scale, unlawful purveyors and traffickers of controlled substances. To this end, guidelines have been provided, along with a wide latitude in sentencing discretion, to enable the sentencing court to order penalties in each case which are appropriate for the purposes of this Act."

The defendant, who has no history of prior convictions, would come within the scope of this intent.

For the foregoing reasons, I would affirm the appellate court but remand with directions consistent with this dissent.

MR. JUSTICE GOLDENHERSH joins in this dissent.