THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MATTHEW DOUGLAS, Defendant-Appellant.

First District (1st Division)   No. 79-558

Opinion filed July 7, 1980.

James J. Doherty, Public Defender, of Chicago (Emily Eisner and Aaron L. Meyers, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Myra J. Brown, and Adam Stillo, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

After a bench trial, Matthew Douglas (defendant), was found guilty

of two counts of forgery (Ill. Rev. Stat. 1975, ch. 38, par. 17—3(a)(1) and par. 17—3(a)(2)), and one count of attempt (Ill. Rev. Stat. 1975, ch. 38, par. 8—4) to violate the Illinois Controlled Substances Act. He was sentenced to two years. He appeals.

Following this factual statement, defendant's contentions will be considered in order:

At a pretrial hearing, a motion of defendant to quash his arrest and suppress evidence was denied. At this hearing, Officer Hachmeister testified that on July 1, 1977, working in plain clothes, he was called to the Des Plaines Pharmacy. The caller told him someone there was "trying to pass a fraudulent prescription." At about 10:15 p.m. the officer spoke to the pharmacist, Morris. Morris said a person had tried to fill a prescription. Morris walked outside with the officer and identified the defendant as that person. Defendant was seated on the passenger side of a parked automobile some 15 or 20 feet away. The driver of the car "sped away." The officer followed. After a chase, defendant and the driver were apprehended and returned to the pharmacy. Morris again identified defendant. The defendant was violating no law when arrested.

The officer found defendant's name, Matthew Douglas, on the prescription. The evidence also shows after the arrest the officer contacted the Hines Veterans Hospital because the prescription stated that it was to be filled only in Veterans Administration Health Care Facilities. There was no doctor at that hospital bearing the name of the one who had signed the prescription. The prescription was for "preludin." The hospital told the officer "they would not issue that type of drug on their forms."

Morris testified the defendant presented the prescription and gave him an identification card from the Veterans Administration Hospital with defendant's picture. Morris called the hospital and spoke to several people. He could get no information. He could not locate the doctor who had signed the prescription.

The trial court then denied defendant's motion.

At trial, Dr. Gerbie, a practicing obstetrician for 26 years, with practice limited to that field, testified he had not prescribed preludin during the past two years. It is a drug useful for dieting as it suppresses the appetite. He had never seen the prescription before. The signature was not his. There was a drug control number on the form which had been his for many years. He did not know and had never previously seen Matthew Douglas (defendant). To the best of his knowledge, preludin is a controlled substance in Illinois.

Officer Hachmeister testified as he had on the motion. He added defendant was the man identified to him as the person who tried to pass the fraudulent prescription. The parking lot had lights and he was 10 to 15 feet from the defendant when he announced his office.

The pharmacist testified as he had on the motion. He added preludin was a Class II controlled substance in Illinois described as an anorexant.

Defendant testified he entered the pharmacy, spoke to Morris and asked if the prescription could be filled at "an outside pharmacy." Morris said he could do so. Defendant did not give an identification card to Morris. He identified the prescription form as the one he used. On January 21, 1976, he pleaded guilty of attempt to obtain a controlled substance by fraud and deceit. He was sentenced to 70 days considered served. On April 6, 1977, he pleaded guilty to possession of a controlled substance and was given five years felony probation. This information appeared on certified copies shown to the witness.

## I.

■■ We find probable cause existed for arrest of the defendant. (Ill. Rev. Stat. 1977, ch. 38, par. 107—2(c).) Under the totality of circumstances, the officer passed the subjective test. Any man of reasonable caution would believe an offense was committed by the identified defendant. See *People v. Creach* (1980), 79 Ill. 2d 96, 101-02, 402 N.E.2d 228, and authorities there cited.

This conclusion is particularly warranted in the case at bar. The officer received his information not from a paid informer but from an informed citizen. (*People v. Lawson* (1976), 36 Ill. App. 3d 767, 770, 345 N.E.2d 41, and cases there cited. See also *People v. Wright* (1974), 56 Ill. 2d 523, 528-29, 309 N.E.2d 537.) The result reached by the trial court in this regard is strongly supported by the evidence.

This conclusion is based solely upon the information given to the police officer prior to and after his arrival at the pharmacy. We need not and do not depend upon the fact that the car in which defendant was sitting sped away when the police officer approached.

Furthermore, although the conclusion of probable cause is strengthened by the evidence in chief and use of this evidence would be proper here, we need not rely upon that additional consideration. As shown by the authorities cited in *People v. Williams* (1978), 62 Ill. App. 3d 874, 880, 379 N.E.2d 1222, "evidence adduced *at trial* may be considered by a reviewing court in determining whether a denial of a motion to suppress was error." To the same effect is the well-reasoned opinion in *People v. Glanton* (1975), 33 Ill. App. 3d 124, 137-38, 338 N.E.2d 30. The suggestion in *Glanton* that the trial evidence be received prior to the admission in evidence of the property sought to be suppressed (33 Ill. App. 3d 124, 138), is inapplicable here. The defendant's written motion does not describe or move to suppress any property. The only possible property involved in the instant case is the prescription which was voluntarily delivered by the defendant to the pharmacist.

■■ Although the State had the burden of going forward with evidence to

counter the *prima facie* case made by defendant (*People v. Williams* (1978), 62 Ill. App. 3d 874, 878, 379 N.E.2d 1222), the ultimate burden of proof rested upon defendant. (*People v. Ross* (1978), 60 Ill. App. 3d 857, 861, 377 N.E.2d 230.) A reviewing court will not reject the result reached by the trial court where it is in accord with the manifest weight of the evidence and "was not manifestly erroneous." *People v. Williams* (1974), 57 Ill. 2d 239, 246, 311 N.E.2d 681, *cert. denied* (1974), 419 U.S. 1026, 42 L. Ed. 2d 302, 95 S. Ct. 506.

■■ We note also that the point, if any, involving the alleged illegal arrest of defendant is not mentioned in defendant's written motion for new trial filed November 15, 1978. The contention is therefore waived. *People v. Edwards* (1978), 74 Ill. 2d 1, 4, 383 N.E.2d 944.

II.

Regarding preludin as a controlled substance, the doctor whose name had been forged upon the prescription testified the drug was a controlled substance in Illinois to the best of his knowledge. The pharmacist testified the drug preludin is an anorexant; its full name is preludin endimets; and it is a Class II controlled substance in Illinois.

Furthermore, in *United States v. Roya* (7th Cir. 1978), 574 F.2d 386, 389 n.1, the court of appeals referred to preludin as a brand name for phenmetrazine. In *People v. Henderson* (1978), 71 Ill. 2d 53, 54-55, 373 N.E.2d 1338, the supreme court referred to "preludin, a form of phenmetrazine, a controlled substance under the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1208(b))." This drug and its salts are included in the listing of controlled substances in the pertinent statute (Ill. Rev. Stat. 1977, ch. 56½, par. 1208(c)(1)). Stedman's Medical Dictionary 1068 (4th unabr. law ed. 1976) defines preludin as the common name given to phenmetrazine hydrochloride. It is common knowledge that thousands of prescriptions written by physicians today use the generic or chemical name of the substance. The pertinent statute uses the chemical name phenmetrazine. The prescription used the brand name of preludin. In such case, the prescriptions may be filled by the druggist with the identical drug.

In this regard, defendant cites and relies upon *People v. Armstrong* (1978), 65 Ill. App. 3d 680, 382 N.E.2d 121. There, defendant was indicted for delivery of a controlled substance classified under Schedule III. The controlled substance was described as a derivative of barbituric acid. However, the proof showed the substance was not a depressant as listed in Schedule III but was a hypnotic, classified in Schedule II. We held that this constituted a failure of proof. Quite by contrast, in the case before us, the identity of the substance itself is fixed in the false and forged prescription which the defendant attempted to pass.

## III.

■■ Count III of the information charged:

"[H]e [defendant] with the intent to commit the offense of obtaining a controlled substance by fraud and deceit, did then and there knowingly attempt to unlawfully obtain or acquire possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge contrary to the provision of the Illinois Controlled Substances Act."

Defendant urges this count is insufficient and lacked the required specificity.

Defendant made no motion to quash the information. He did not challenge its sufficiency until the filing of his brief in this court. The Supreme Court of Illinois has strongly held (*People v. Rege* (1976), 64 Ill. 2d 473, 478, 356 N.E.2d 537):

"Failure of an indictment to allege all elements of an offense does not serve to deprive the circuit court of jurisdiction (*People v. Gilmore* (1976), 63 Ill. 2d 23), nor does it necessarily render the indictment void (*People v. Pujoue* (1975), 61 Ill. 2d 335). As we held recently in the *Pujoue* and *Gilmore* cases, an indictment or information attacked for the first time on appeal is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow the pleading of a resulting conviction as a bar to future prosecution arising out of the same conduct."

The information before us meets this test. Defendant was not prejudiced in any manner by the allegations of count III. On the contrary, defendant presented a spirited defense and he seems to have been under no handicap in making his contentions in this court.

## IV.

Count I of the information charged defendant with forgery in that he delivered the prescription which he knew was fraudulent. Count II charged the defendant knowingly made the fraudulent prescription. Defendant contends, and the People concede, defendant was not proved guilty of making or preparing the false prescription. We will accordingly vacate the conviction of defendant on count II.

## V.

■■ Defendant urges the forgery statute under which he was charged in count I (Ill. Rev. Stat. 1977, ch. 38, par. 17—3(a)(2)), was not violated because forgery requires an intent to deprive another of something of value, which intent was not proved.

*People v. Henderson* (1978), 71 Ill. 2d 53, involves a factual situation

virtually identical with the case before us. Defendant presented to a pharmacist a prescription for some "preludin, a form of phenmetrazine, a controlled substance under the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1208(b)). Upon the arrival of the police, defendant fled without obtaining the drug." (*Henderson*, 71 Ill. 2d 53, 54-55.) Defendant there claimed she could not be guilty of forgery because "she did not obtain a pecuniary advantage and did not defraud the pharmacist or doctor * * *." (*Henderson*, 71 Ill. 2d 53, 57.) The supreme court held the crime of forgery does not require that any person actually be defrauded of money or property. On the contrary, a person whose forgery is discovered when he tries to pass the document is nevertheless guilty of forgery. *Henderson*, 71 Ill. 2d 53, 57.

Accordingly we vacate the finding and judgment of guilty on count II of the information. The findings and judgments of guilt on count I charging forgery and count III charging attempt to violate the Illinois Controlled Substances Act and the sentence in connection with said offenses are all affirmed.

Affirmed.

McGLOON and O'CONNOR, JJ., concur.