985 F.2d 563
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America ex rel. William J. VARELLAS,
Petitioner-Appellant,
v.
James GREER, Warden, Respondent-Appellee.
 No. 90-2775.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 9, 1992.*
Decided Jan. 29, 1993.
Rehearing and Rehearing En Banc
Denied Feb. 23, 1993.
 
 Before CUDAHY, POSNER, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Mr. Varellas, a state prisoner, appeals the denial of his petition for habeas corpus. 28 U.S.C. § 2254. We affirm.
 
 I. BACKGROUND
 
 2
 At the First National Bank of Lincolnshire, a petitioner presented a check for $47,500.00 from the Heritage Brick Corporation made payable to Anthony Monterusso. Mr. Varellas presented an Illinois driver's license bearing his photograph and the name Anthony Monterusso as identification. Petitioner endorsed the check in Monterusso's name and received $16,000 in cash and a $31,500 cashiers check made payable to Anthony Monterusso. When petitioner returned to the bank to negotiate the cashier's check he was arrested. The police officers who questioned Mr. Varellas testified that he admitted that his real name was William Varellas and not Anthony Monterusso. In his statement to the police, Mr. Varellas stated that he cashed checks using false names and identification as part of a "juice loan" collection, and that he received ten percent of the check amount in exchange for cashing the checks. He further admitted that he received the check from an individual named Paul Richardson whom he cashed checks for across the country, and that he did not know Sanford Gross, the maker of the Heritage Brick check.
 
 
 3
 Petitioner, Varellas, was convicted in a bench trial of two counts of forgery (ILL.REV.STAT. ch. 38, para. 17-3(a)(2) (1983)), and two counts of theft by deception (ILL.REV.STAT. ch. 38, para. 16-1(b)(1) (1983)). Mr. Varellas's post-conviction motions were denied and he was sentenced to four concurrent ten year prison terms. He appealed his convictions to the Appellate Court of Illinois on several grounds including, that the information was defective because it failed to adequately state the charged offenses, and that the evidence was insufficient to prove forgery or theft by deception. The Illinois Appellate Court affirmed the conviction on all counts, People v. Varellas, 486 N.E.2d 388 (Ill.App.1985), and leave to appeal to the Illinois Supreme Court was denied.
 
 
 4
 Having exhausted his state remedies, Mr. Varellas filed a petition for writ of habeas corpus in federal district court under 28 U.S.C. § 2254. He argued that there was insufficient evidence to support his conviction on all counts and also alleged ineffective assistance of counsel based upon the failure of his privately retained counsel to timely file for a writ of certiorari to the United States Supreme Court. The district court denied the petition, concluding that there is no right to effective assistance of counsel on a discretionary appeal, see Wainwright v. Torna, 455 U.S. 586, 587-88 (1982); Morrison v. Duckworth, 898 F.2d 1298, 1300-01 (7th Cir.1990); Buelow v. Dickey, 847 F.2d 420 (7th Cir.1988), cert. denied, 109 S.Ct. 1168 (1989), and finding that the evidence was sufficient. Mr. Varellas now appeals the denial of his petition, but does not appeal the district court's ruling on effective assistance of counsel.[1]
 
 II. ANALYSIS
 
 5
 In determining the sufficiency of the evidence to support a criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 A. Theft by Deception
 
 6
 Under Illinois law theft by deception is committed when one knowingly obtains by deception control over the property of the owner, and intends to deprive the owner of the use or benefit of the property. ILL.REV.STAT. ch. 38, para. 16-1(b)(1) (1983). Petitioner's challenge is essentially that because no one testified from Heritage Brick, there is no evidence to prove that they fell victim to a theft.
 
 
 7
 We conclude, however, that after viewing the evidence in the light most favorable to the state a rational factfinder could have found the essential elements of the offense of theft by deception beyond a reasonable doubt. Petitioner's intent to deprive Heritage Brick Corporation of the money can be inferred from: (1) petitioner's use of false identification to cash the check from Heritage Brick, (2) petitioner's admission to police that he received the check from someone for whom he cashed checks as part of a "juice loan" operation, (3) his admission to using false identification to cash these checks, and (4) the fact that he was not acquainted with Sanford Gross or Heritage Brick Corporation.
 
 B. Forgery
 
 8
 As to the forgery counts, petitioner's argument that the evidence was insufficient because the state failed to prove who was defrauded or that the defendant intended to defraud anyone was correctly resolved at the state appellate level. Varellas, 486 N.E.2d at 392. To prove forgery, the state must show that the defendant had the intent to defraud when he knowingly delivered to the bank a document which was apparently capable of defrauding another, as it purported to have been made by another, and knowing it to have been thus made or altered. ILL.REV.STAT. ch. 38, para. 17-3(a)(2) (1983). Contrary to petitioner's argument, the forgery statute does not require that the State prove that anyone was actually defrauded. Varellas, 486 N.E.2d at 391; (citing People v. Henderson, 373 N.E.2d 1338, 1340 (1978)). In addition, proof of petitioner's intent to defraud can be inferred from the facts and circumstances surrounding the transaction and, if the forged instrument was uttered or offered, intent can be presumed. Id. at 393 (citing People v. Henderson, 373 N.E.2d 1338 (1978); People v. Eston, 364 N.E.2d 609 (1977)).
 
 
 9
 In reviewing the elements of forgery, we agree that, when viewed in the light most favorable to the prosecution, the evidence adduced at trial supports a finding that the instruments passed by Mr. Varellas were at least capable of defrauding the Bank which faced a potential lawsuit for wrongful payment, and the real Anthony Monterusso, who also faced a lawsuit to recover the funds.
 
 
 10
 The record also supports a finding of presumed intent from the act of cashing the Heritage Brick check. However, there is also ample evidence from which a rational factfinder could find intent to defraud in the circumstances surrounding these transactions. The petitioner admitted his involvement in a "juice loan" operation in which he cashed checks for a percentage of the amount. He also admitted that only two days prior to cashing the Heritage Brick check, he obtained the Illinois driver's license in the name of Anthony Monterusso which he used for identification. The real Anthony Monterusso testified that he had lost his wallet containing his identification months prior to the date Mr. Varellas used it to obtain the Illinois license, and further testified that he was unacquainted with Mr. Varellas, Sanford Gross, or the Heritage Brick Corporation. In obtaining the fictitious driver's license, Mr. Varellas used a false address and signed the license in the name of Anthony Monterusso above a statement on the license that certifies the accuracy of all information therein. While we acknowledge that the mere signing of a document in another's name does not itself constitute forgery, E.S. Karoly Electrical Construction Co. v. Globe Savings Bank, 64 Ill.App. 225 (1896), in this case, there is no evidence that the name Anthony Monterusso was an established alias. Thus, a rational finder of fact could conclude that Anthony Monterusso was not an established alias.
 
 
 11
 Mr. Varellas continues to argue, however, that not only was no one defrauded, but there was no forgery in this case because Heritage Brick intended him to have the money. In his habeas petition, Mr. Varellas claims that the state court erred in refusing to review the issue of ownership because it erroneously believed that it was untimely. To demonstrate that the argument was properly before the court, he equates the argument that no one was actually defrauded with the argument that the State failed to prove ownership of the money.[2] The Illinois Appellate Court interpreted these arguments as distinct and declined to review petitioner's argument regarding ownership as untimely, based on the fact that Varellas had procedurally defaulted by raising the issue for the first time on appeal. Varellas, 486 N.E.2d at 392. Cf. Mikel v. Thieret, 887 F.2d 733, 737 (7th Cir.1989); United States ex rel. Falconer v. Lane, 720 F.Supp. 631, 637 (N.D.Ill.1989) (failure to object to an issue at trial or the failure to properly raise a claim on direct review will result in procedural default). The district court, relying on the state procedural default, also refused to review petitioner's claim that proof of his conviction was insufficient because the state failed to prove ownership.
 
 
 12
 A federal court is obligated to respect a state court's finding of waiver or procedural default under its own laws, when considering a habeas petition. Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 1068 (1989). When "the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar," procedural default bars consideration of a federal claim raised in a habeas review. Id. (citing Harris v. Reed, 489 U.S. 255, ----, 109 S.Ct. 1038, 1043 (1989)); Estelle v. McGuire, 112 S.Ct. 475, 477 (1991) ("it is not the province of a federal habeas court to reexamine state court determinations on state law questions"). Where a state court has deemed a specific issue waived, petitioner may obtain federal habeas corpus relief based on that same issue if he is able to show cause and prejudice. Bae v. Peters, 950 F.2d 469, 480 (7th Cir.1991) (express reliance on procedural default by the last state court deciding the claim, bars review of the claim by a federal habeas court unless petitioner can show cause for and prejudice resulting from the default); Henderson v. Cohn, 919 F.2d 1270, 1272 (7th Cir.1990); Burgin v. Broglin, 900 F.2d 990, 996 (7th Cir.1990); Sotelo v. Indiana State Prison, 850 F.2d 1244, 1252 (7th Cir.1988). In spite of this, petitioner continues to argue, as he did in the state court, that because the two arguments are essentially one, this claim was properly raised in state court, therefore, no procedural default occurred. However, this is precisely the issue decided by the state appellate court, which we cannot review in a collateral proceeding. Teague, 109 S.Ct. at 1068.
 
 
 13
 Despite a failure to show cause, petitioner argues that he is allowed one last avenue for review. "[I]n circumstances of manifest injustice or fundamentally unjust incarceration," Buelow, 847 F.2d at 427 (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)), federal habeas review is available "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. We agree with the district court's conclusion that neither the petitioner nor the circumstances of this case present a fundamental fairness concern which would allow relief. (Order at 9-1); see Teague, 109 S.Ct. at 1068 (discussing some of the limited circumstances under which the fundamental fairness exception applies). Thus, in the interest of comity, we affirm the district court's decision respecting the state determination of procedural default.
 
 
 14
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 On appeal from denial of his habeas petition, Mr. Varellas attempts to revive his claim that the indictment was insufficient. Although it is within the purview of habeas to determine whether the indictment is constitutionally sufficient United States ex rel. Ballard v. Bengston, 702 F.2d 656, 660 (7th Cir.1983) ("the validity of an indictment is subject to measurement against general fourteenth amendment guarantees of due process"), because petitioner did not bring this argument before the district court, we are unable to review it. See Kensington Rock Island v. American Eagle Hist. Part., 921 F.2d 122, 125 (7th Cir.1990)
 
 
 [2]
 In essence, petitioner's claim is that Heritage Brick or Sanford Gross, the property owner, wanted or intended petitioner to take possession of the money under an assumed name, therefore, no one was defrauded and consequently there could be no intent to defraud