**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190201-U

Order filed October 19, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0201 Circuit No. 18-CF-347 |
| TERRY N. MABRY, | ) ) ) | Honorable Kevin W. Lyons, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE LYTTON delivered the judgment of the court.
Justices Daugherity and O'Brien concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant was not prejudiced when his trial counsel failed to object to hearsay evidence presented at trial.

¶ 2    Defendant, Terry N. Mabry, appeals his conviction for burglary. Defendant argues his trial counsel was ineffective for failing to object to the admission of hearsay evidence. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4 Defendant was charged with burglary (720 ILCS 5/19-1(a) (West 2018)) and three counts of forgery (*id.* § 17-3(a)(2)). The burglary charge alleged that on or about June 13, 2018, defendant, without authority, knowingly entered World of Powersports with the intent to commit the felony offense of forgery. The court appointed counsel to represent defendant, and the case proceeded to a jury trial.

¶ 5 Megan Fowler testified that on June 7, 2018, she was employed as a sales consultant for World of Powersports. Defendant entered the store around closing time. Defendant told Fowler that his name was Derrick Parker and that he wanted to purchase an all-terrain vehicle (ATV). Fowler observed defendant sign a check and give it to Kyle Lucas, the finance manager at World of Powersports. On June 8, defendant entered World of Powersports around closing time. Defendant again presented himself as Derrick Parker and told Fowler that he wanted to purchase a second ATV. Defendant filled out another check and gave it to Lucas.

¶ 6 Fowler testified that her sales manager told her defendant's checks were "no good" and "fraudulent." Fowler never spoke to the bank about the validity of the checks.

¶ 7 Fowler testified that on June 13, defendant arrived at World of Powersports just after the store had closed. Defendant told Fowler that he wanted to purchase a third ATV. An employee with a key was called to open the store. Once inside, Fowler let Lucas handle the transaction while she called the police.

¶ 8 Lucas testified that on June 7 and 8, he observed defendant sign two $5000 checks from M and M Property Management, under the name Derrick Parker. A day or two after the second transaction, Lucas was informed by the accounting manager for World of Powersports that defendant's checks did not clear. On redirect, Lucas testified that to his knowledge, neither of the checks were honored by the bank. Lucas did not speak to the bank about the validity of the checks.

¶ 9        Lucas testified that on June 13, he observed defendant write a check from M and M Property Management, under the name Derrick Parker, for $4800. The address on the check was 6826 Wilshire Avenue in Peoria, Illinois.

¶ 10       Officer Sean Clarke testified that he arrested defendant in the store after defendant admitted to writing the check. Defendant told Clarke that he received the check from a man named Johnnie Lee. Clarke located four additional checks, identical to the one defendant used when he attempted to purchase the third ATV, in defendant's back pocket. Clarke also learned defendant's name was Terry Mabry from a photo identification card located in defendant's wallet.

¶ 11       Officer Philip Mahan testified that he interviewed defendant shortly after his arrest on June 13. Defendant admitted that he wrote all three checks under the name Derrick Parker. Defendant said it was Lee's idea for defendant to purchase the ATVs and, in exchange, Lee paid him $2100 for each ATV. Mahan testified that he never contacted the bank regarding the checks because he was informed by the accounting department at World of Powersports that the checks were "stolen" and "written on a closed account." Mahan testified that the address listed on the check recovered from the June 13 transaction, 6826 Wilshire Avenue in Peoria, was not a valid address.

¶ 12       The jury found defendant guilty of burglary and three counts of forgery. The court sentenced defendant to 17 years' imprisonment.

¶ 13                                    II. ANALYSIS

¶ 14       On appeal, defendant argues his trial counsel provided ineffective assistance by failing to object to the following hearsay statements: (1) Fowler's testimony that the sales manager told her defendant's checks were "no good" and "fraudulent," (2) Lucas's testimony that the accounting manager told him the checks did not clear, (3) Lucas's testimony that to his knowledge neither of the checks from M and M Property Management were honored by the bank, and (4) Mahan's

3

testimony that World of Powersports had verified that the checks were "stolen" and "written on a closed account." The State concedes that three of the four statements were impermissible hearsay. The State argues that Lucas's testimony that the checks were not honored was not hearsay as it was his personal opinion. The State also argues that defendant did not demonstrate ineffective assistance of counsel because he cannot show that he suffered prejudice.

¶ 15     We review ineffective assistance of counsel claims under the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail, defendant must show that counsel's performance was deficient, and that defendant was prejudiced by counsel's performance. *Id.* "[W]e may dispose of an ineffective assistance of counsel claim by proceeding directly to the prejudice prong without addressing counsel's performance." *People v. Hale*, 2013 IL 113140, ¶ 17. To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

¶ 16     After reviewing the record, we are persuaded by the State's argument that if Fowler, Lucas, and Mahan's statements about the checks were inadmissible hearsay, they did not result in ineffective assistance of counsel because defendant cannot demonstrate that but for the admission of the hearsay statements, he would not have been convicted of burglary. See *People v. Jura*, 352 Ill. App. 3d 1080, 1085 (2004) (hearsay evidence is generally inadmissible because the opposing party has no opportunity to cross-examine the declarant); see also Ill. R. Evid. 801(c) (eff. Oct. 15, 2015); Ill. R. Evid. 802 (eff. Jan. 1, 2011).

¶ 17     To prove defendant committed burglary, the State needed to show that on June 13, defendant, without authority, knowingly entered World of Powersports with the intent to commit

4

therein the felony of forgery. See 720 ILCS 5/19-1(a), 17-3(a)(2) (West 2018). A burglary is complete upon entry to the building when there is proof defendant had the intent to commit a felony. *People v. Johnson*, 2019 IL 123318, ¶ 41. Therefore, the State did not need to prove defendant committed forgery, only that he entered World of Powersports with the intent to commit forgery.

¶ 18 The forgery statute requires the State to "establish that a defendant had the intent to defraud by making or altering, possessing with intent to deliver, or issuing or delivering any document apparently capable of defrauding another." *People v. Brown*, 2013 IL 114196, ¶ 38; 720 ILCS 5/17-3(a)(1)-(3) (West 2018). "The gist of forgery is the intent to defraud." *Brown*, 2013 IL 114196, ¶ 38. "An intent to defraud may be inferred from the facts and circumstances surrounding the transaction and, if the forged instrument is uttered or offered, then this intent will be presumed." *People v. Varellas*, 138 Ill. App. 3d 820, 826 (1985). The State does not have to prove that someone was actually defrauded. *People v. Henderson*, 71 Ill. 2d 53, 57 (1978). "[A] false endorsement can render an otherwise valid check capable of defrauding." *Brown*, 2013 IL 114196, ¶ 42.

¶ 19 Here, the record inferentially establishes that defendant had intent to defraud. The parties do not dispute that, on three separate occasions, defendant entered World of Powersports using the false name Derrick Parker. On June 7 and 8, 2018, defendant purchased two ATVs with third-party checks from M and M Property Management. Defendant signed both checks using the Parker name. Less than a week later, on June 13, defendant attempted to purchase a third ATV using the same procedure—a false name and a check from M and M Property Management. The address printed on the check for M and M Property Management was 6826 Wilshire Avenue in Peoria. Mahan testified that this was not a valid address. When defendant was arrested inside the store,

5

Clarke found blank checks in defendant's back pocket, which were identical to the check defendant used when attempting to purchase the third ATV. Defendant also admitted to Mahan that he purchased the ATVs under the name Derrick Parker, and he was paid $2100 for each ATV by Lee. Together, this evidence inferentially established defendant's intent to defraud and commit forgery, and therefore, established the intent to commit a felony element of the burglary charge. Accordingly, defendant cannot demonstrate that he suffered prejudice, as the exclusion of the hearsay testimony would not have altered the outcome of the jury trial.

¶ 20                                     III. CONCLUSION

¶ 21        The judgment of the circuit court of Peoria County is affirmed.

¶ 22        Affirmed.